### MORTGAGE FUNDING CORPORATION, Relator,

v.

### The Honorable Henry G. SCHUBLE, Judge, 245th Judicial District, Respondent.

### No. A14–87–310–CV.

Court of Appeals of Texas, Houston (14th Dist.).

June 11, 1987.

Michael D. Farmer, Hugh J. Plummer, Houston, for appellant.

Mike Morris, Joe H. Rentz, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and ROBERTSON, JJ.

CANNON, Justice.

This is an original proceeding brought incident to a pending appeal, *Kathryn Penelope Gavrel Ludlum, appellant v. Mortgage Funding Corporation and Louis John Gavrel, appellees,* 245th District Court, Cause No. 85–06864. Relator asks us to issue a writ of prohibition forbidding respondent from entering an order granting a temporary injunction in cause no. 85–06864 and to forbid furthering proceedings in that cause. On May 12, 1987, we granted leave to file the petition. We now grant the writ.

On January 23, 1984, a decree of divorce was entered in the 245th District Court, cause no. 82–48229, dissolving the marriage of Kathryn Penelope Gavrel Ludlum (Ludlum) and Louis John Gavrel (Gavrel). The decree incorporated an agreement for the division of property. In accordance with the agreement, Ludlum executed a promissory note, secured by a deed of trust for the benefit of Gavrel, on the house located at 12515 Queensbury in Houston. Gavrel subsequently assigned his interest in the property to relator who later instituted foreclosure proceedings against Ludlum. On February 1, 1985, she petitioned for injunctive relief in the 127th Judicial District. A temporary injunction was granted March 26, 1985.

On February 25, 1985, Gavrel instituted suit in the 189th Judicial District to enforce the deed of trust. Both Gavrel's and Ludlum's causes were transferred to the 245th District Court and consolidated under cause number 85–06864. Relator counterclaimed against Ludlum and filed a cross-action against Gavrel.

On February 17, 1987, a final judgment was entered awarding title to the Queens-

**340**

bury property to Gavrel subject to liens held by relator and Houston First American Savings. The temporary injunction enjoining relator from foreclosing its lien and deed of trust was dissolved. Relator's counterclaim and cross-action were dismissed without prejudice. On March 16, 1987, Ludlum perfected her appeal to this court. No supersedeas bond was posted.

Relator again instituted foreclosure proceedings. Gavrel then instituted suit in the 245th District Court under cause no. 85–06864, the cause number on appeal, seeking injunctive relief against relator. On April 28, 1987, a temporary restraining order was issued by respondent directing relator to refrain from foreclosure proceedings. On May 11, 1987, relator presented a motion to dismiss for want of jurisdiction. Respondent denied the motion and orally granted the temporary injunction Gavrel had requested. Relator then initiated this original proceeding.

Relator first argues respondent had no jurisdiction to enter a temporary restraining order or to grant a temporary injunction.

The general rule is that the trial court loses all jurisdiction 30 days after a final judgment is signed. Respondent contends, however, that the general jurisdictional rule is superseded by § 3.58(h) of the Texas Family Code. That section authorizes a domestic relations court, "within 30 days after the date that an appeal is perfected," to make "any order necessary for the preservation of the property and for the protection of the parties during the pendency of the appeal...." Gavrel's petition for temporary restraining order and injunction were filed April 28, 1987, 43 days after Ludlum's perfection of her appeal. Respondent clearly lacks jurisdiction in this cause.[1] A writ of prohibition properly issues to prevent a trial court from acting when it affirmatively appears that the

court lacks jurisdiction. *Humble Exploration Co., Inc., v. Walker*, 641 S.W.2d 941, 943 (Tex.App.—Dallas, 1982).

The writ of prohibition is granted. Respondent is ordered to refrain from entering an injunction order or entertaining further proceedings in cause no. 85–06864.

---

1. This court has previously held that orders issued under § 3.58(c) are limited to orders directed to one or both "parties" and that "parties" means "spouses." *Commonwealth Mortgage Corporation v. Wadkins*, 709 S.W.2d 679 (Tex. App.—Houston [14th Dist.], 1985, no writ). Because of the facts of this case, it is unnecessary to decide whether post-judgment orders under § 3.58(h) may be directed to third parties. Similarly, it is unnecessary to discuss *Texas American Bank/Westside v. Haven*, 728 S.W.2d 102 (Tex.App.—Fort Worth, 1985), a case relied on by respondent at oral argument.