Otis Leroy **HARE**

v.

Marie Kindle **HARE.**

No. 01–89–00817–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Jan. 4, 1990.

Rehearing Denied Feb. 15, 1990.

Sally A. Jones, Elliott, Heinlein & Zimmerman, Crosby, for appellant.

Patrice McDonald and Stephenie Beridon, Carll McDonald & Stibbs, The Woodlands, for appellee.

Before EVANS, C.J., and COHEN and HUGHES, JJ.

## OPINION

PER CURIAM.

Appellee, Marie Kindle Hare, asks this Court to dismiss the appeal. Appellee asserts that because she did not receive notice of appellant's intent to appeal, Tex.R. App.P. 46(d), she was not able to obtain a ruling on her motion for temporary orders pending appeal prior to the time the court lost its plenary power.

■ Rule 46(d), Tex.R.App.P., requires that counsel for appellant give notification to all parties of the filing of the appeal bond or certificate of deposit. Failure to serve a copy of the bond shall be ground for dismissal of appellant's appeal if appellee is prejudiced by such failure. Rule 46(d) is not jurisdictional, and thus, unless an appellee can show harm or detriment due to appellant's failure to notify other parties of the appeal, the appeal will not be dismissed. *Valley Int'l Properties, Inc. v. Brownsville Sav. & Loan Ass'n,* 581 S.W.2d 222, 227 (Tex.Civ.App.—Corpus Christi 1979, no writ); *see also Harrison v. Harrison,* 543 S.W.2d 176, 178 (Tex.Civ. App.—Houston [14th Dist.] 1976, no writ) (appeal from decree of divorce would not be dismissed where wife failed to allege any change in position to her detriment due to husband's failure to give notice of his appeal bond).

■ Section 3.58 of the Texas Family Code governs temporary orders during the pendency of an appeal. Section 3.58(h) provides:

> Within 30 days after the date that an appeal is perfected, on the motion of any party or on the court's own motion, *after notice and hearing,* the court may make any order necessary for the preservation of the property and for the protection of the parties during the pendency of the appeal as the court may deem necessary and equitable. In addition to other matters, an order may:
> (1) require the support of either of the spouses;

Tex.Fam.Code Ann. § 3.58(h) (Vernon 1987 & Supp.1989) (emphasis added).

Appellant perfected the appeal by filing a cost bond on July 17, 1989. Appellee claims she did not receive notice of the appeal until August 1, 1989. Appellee filed her motion for temporary orders pending appeal on August 3, 1989, 17 days after perfection of the appeal. Even though appellee filed her motion for temporary orders within the 30 days provided for by § 3.58(h), the master did not conduct a hearing until September 8, 1989, 52 days after perfection. The court master denied the motion, concluding the court did not have jurisdiction to enter any further orders because more than 30 days had passed from the date the appeal was perfected.

This case is similar to *Mortgage Funding Corp. v. Schuble,* 737 S.W.2d 339 (Tex. App.—Houston [14th Dist.] 1987, orig. proceeding), where the court, citing § 3.58(h), entered a writ of prohibition to prevent the trial court from issuing temporary orders and an injunction requested by the real party in interest 43 days after the appeal was perfected. *Mortgage Funding,* 737 S.W.2d at 340. Like the respondent judge in *Mortgage Funding,* the master in this

case lacked jurisdiction to hear appellee's motion for temporary orders.

Appellee claims she was prejudiced by appellant's failure to give notice, because the trial court denied, for want of jurisdiction, her motion for temporary orders pending appeal. Appellant responds that appellee is not suffering any detriment because the trial court awarded her $75,000, and she has her monthly social security. Appellant goes on to state that appellee's interest in preserving the assets awarded to her by the trial court is protected by appellant's supersedeas bond. This is precisely the point. Because appellant filed a supersedeas bond, appellant does not have to comply with the trial court's judgment pending appeal, nor can appellee execute on appellant's assets. While the appeal is pending, appellee has no access to the $75,-000, or to any other judgment awarded her. *See Eikenhorst v. Eikenhorst,* 746 S.W.2d 882, 891 (Tex.App.—Houston [1st Dist.] 1988, no writ).

Appellant asserts that appellee had notice of his intent to prosecute the appeal because he filed a request for findings of fact and conclusions of law, a motion for new trial, a notice of failure to timely file findings of fact and conclusions of law, a letter to the court reporter requesting she commence work on the statement of facts, and a request for preparation of the transcript, all with proper notice to appellee. We hold that sending notice to appellee of the filing of these instruments is not sufficient to comply with rule 46(d). Thus, we find that appellant failed to timely notify appellee of the filing of the cost bond. This failure to notify appellee prejudiced her by reducing by 15 days, the 30 days in which she could obtain relief from the trial court. Appellant's filing of a supersedeas bond prevents appellee from receiving the benefit of the trial court's judgment. Appellee has been stymied in any effort she has made to attempt to obtain support.

Accordingly, appellee's motion to dismiss is GRANTED. The appeal is dismissed.