**In re Randall Cary BOYD, Relator.**

No. 2–00–341–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 19, 2000.

---

9. *Id.*

10. *Id.*

Richard R. Orsinger, San Antonio, for Relator.

Baker & Botts, L.L.P., Amy Douthitt Maddux, Houston, Michael B. Paddock & Associates, Michael B. Paddock, Fort Worth, for Real Party In Interest.

CAYCE, C.J., RICHARDS and HOLMAN, JJ.

## OPINION

CAYCE, Chief Justice.

This is an original proceeding brought incident to a pending appeal. Relator seeks a writ of mandamus to set aside a trial court order granting temporary relief during appeal and a writ of prohibition to preclude efforts to enforce the order. We conditionally grant both writs.

After presiding over a seven-week trial, Judge Maryellen Hicks, sitting by assignment in the 322nd District Court of Tarrant County, Texas, signed a final decree of divorce on June 12, 2000 dissolving the marriage of relator Randall Cary Boyd and real party in interest Ginger Boyd. The divorce decree awarded $17,500 in attorney's fees to the prevailing party on appeal. Randall filed a motion for new trial and both Ginger and Randall filed motions to correct or reform the judgment. On June 26, Randall perfected his appeal to this court and superseded the judgment.

On June 28, Ginger filed a motion for temporary orders pending appeal and to reform the decree. In that motion, Ginger sought the payment of reasonable attor-

ney's fees pending appeal on the grounds that Randall controls the parties' community estate and, because Randall superseded the judgment, she is unable to access the property awarded to her by the trial court.

Judge Hicks conducted a hearing on Ginger's motion on July 7, but then recessed the hearing on the court's own motion. On July 19, Ginger filed a motion to resume the hearing and in that motion specifically advised Judge Hicks that "a ruling on [Ginger's] Motion [for temporary support pending appeal] must, per 6.709 of the Texas Family Code, be made before July 26, 2000 or the Court loses its jurisdiction." [1] Nevertheless, Judge Hicks did not resume the hearing until August 13.

Five days later, Judge Hicks signed an order granting interim support and legal fees during appeal. Then, on August 21, *56 days* after Randall filed his notice of appeal, Judge Hicks signed the contested order awarding Ginger $122,375 for post-trial and appellate attorney's fees to be paid by Randall on or before September 2.

On September 6, Ginger filed a motion in the trial court to enforce the August 21 order and for contempt, requesting that Randall be jailed and fined $10,000 per day until he paid Ginger the $122,375 for attorney's fees. On September 14, Randall filed a motion for supersedeas relief with this court in which he requested that we "supersede the trial court's [August 21] order" and "order a suspension of enforcement" of the August 21 order, raising the same grounds asserted here. [2] We denied that motion on September 28. Randall then filed this original proceeding and we ordered that all actions to enforce the Au-

gust 21 order be stayed until further notice. [3]

▮ Randall contends that family code section 6.709 provides the exclusive authority for the trial court to render the August 21 order, and that the order is void because, under section 6.709, the trial court lost jurisdiction to render the order 30 days after he perfected his appeal. Ginger responds that the trial court had plenary power to render the order under Tex.R.Civ.P. 329b, and that the trial court did not abuse its discretion by rendering the order, even though it was rendered more than 30 days after Randall perfected his appeal.

▮ Section 6.709 provides that:

(a) Not later than the 30th day after the date an appeal is perfected, on the motion of a party or on the court's own motion, after notice and hearing, the trial court may render a temporary order necessary for the preservation of the property and for the protection of the parties during the appeal, including an order to:

(1) require the support of either spouse;

(2) require the payment of reasonable attorney's fees and expenses;

(3) appoint a receiver for the preservation and protection of the property of the parties; or

(4) award one spouse exclusive occupancy of the parties' residence pending the appeal. [4]

The clear intent of this statute is to extend the power of the trial court to enter tem-

---

1. *See* Tex.Fam.Code Ann. § 6.709(a)(2) (Vernon 1998).

2. Randall had previously attempted to supersede the order by filing a supersedeas bond in the trial court. However, under section 6.709(b), only the appellate court has authority to supersede such orders pending appeal. Tex.Fam.Code Ann. § 6.709(b) (Vernon 1998).

3. *See Herschberg v. Herschberg,* 994 S.W.2d 273, 278 (Tex.App.—Corpus Christi 1999, no pet. & orig. proceeding) (holding mandamus relief appropriate in challenge to temporary orders pending appeal). Judge Hicks set a hearing on the motion to enforce and for contempt, but then cancelled the hearing pending this court's ruling on Randall's motion for supersedeas relief.

4. Tex.Fam.Code Ann. § 6.709(a).

porary orders after an appeal has been perfected to preserve the community property and protect the parties, when such relief has not been ordered in the original decree.[5] As the statute's language expressly states, however, the time within which the trial court must act is "the 30th day after the date an appeal is perfected." [6]

■ It is undisputed in this case that the trial court had plenary power, until 30 days after the date the judgment was signed, or after an appropriate post-judgment motion was overruled, to "vacate, modify, correct, or reform" the judgment or to grant a new trial.[7] This power, however, does not extend to the rendition of interlocutory orders pertaining to ancillary or collateral matters such as the temporary order at issue here.[8]

■ The trial court's power to render the August 21 order derived exclusively from section 6.709, which requires that all such orders be entered within 30 days of the perfection of a party's appeal.[9] Because the order was entered more than 30 days from the date Randall perfected his appeal, the trial court's power to act under the statute had terminated. Consequently, we hold the trial court's August 21 order is void.[10]

■ Mandamus is the appropriate remedy when a trial court enters a void order.[11] Likewise, a writ of prohibition is proper to prevent a trial court from acting when the court lacks jurisdiction.[12] Therefore, because we hold the August 21 order void, we conditionally grant Randall's petitions for writ of mandamus and writ of prohibition. The writs will issue only if the trial court fails to vacate its August 21 order awarding interim support and interim attorney's fees during appeal.[13]

5. *Ex parte Oliver*, 736 S.W.2d 277, 279 (Tex. App.—Fort Worth 1987, orig. proceeding).

6. Tex.Fam.Code Ann. § 6.709(a).

7. Tex.R.Civ.P. 329b(e); *Mathes v. Kelton*, 569 S.W.2d 876, 878 (Tex.1978); *Transamerican Leasing Co. v. Three Bears, Inc.*, 567 S.W.2d 799, 800 (Tex.1978).

8. *Cf. St. Paul Ins. Co. v. Rahn*, 586 S.W.2d 701, 702–03 (Tex.Civ.App.—Corpus Christi 1979, no writ) (trial court had no authority to grant petition in intervention even though it had plenary power over its judgment); *First State Bank & Trust Co. v. Vector Corp.*, 427 S.W.2d 958, 959 (Tex.Civ.App.—Waco 1968, writ ref'd n.r.e.) (after judgment is rendered, trial court does not have plenary power to render order granting post-judgment motion to strike pretrial stipulation).

9. Tex.Fam.Code Ann. § 6.709(a).

10. *Hare v. Hare*, 786 S.W.2d 747, 748 (Tex. App.—Houston [1st Dist.] 1990, no writ) (trial court only has jurisdiction to award post-judgment temporary support for 30 days after appeal perfected); *Mortgage Funding Corp. v. Schuble*, 737 S.W.2d 339, 340 (Tex.App.—Houston [14th Dist.] 1987, orig. proceeding) (trial court has no jurisdiction to hear motion for temporary support filed 43 days after appeal perfected); *see Grossnickle v. Grossnickle*, 935 S.W.2d 830, 850 (Tex.App.—Texarkana 1996, writ denied) (post-judgment order denying temporary support entered 67 days after appeal perfected is void).

11. *In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (orig.proceeding); *Gem Vending, Inc. v. Walker*, 918 S.W.2d 656, 658 (Tex.App.—Fort Worth 1996, orig. proceeding).

12. *Bd. of Disciplinary Appeals v. McFall*, 888 S.W.2d 471, 472 (Tex.1994) (orig.proceeding); *Mortgage Funding*, 737 S.W.2d at 340.

13. In light of our holding that the August 21 order is void, we need not address the other issues raised in Randall's petition for writ of mandamus.