Opinion issued August 24, 2006



     




  

In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00564-CV




ALBERT LOVE, Appellant

V.

SOPHIA BAILEY-LOVE, Appellee




On Appeal from the 387th District Court
Fort Bend County, Texas
Trial Court Cause No. 02-CV-126,530




O P I N I O N
          This is an appeal from a divorce decree. In three points of error, appellant,
Albert Love, contends that (1) the trial court erred by ordering Albert to pay
appellee’s, Sophia Bailey-Love’s, premarital student loan debt because it constitutes
“separate debt”; (2) the trial court erred by excluding evidence that a financial
account, household furnishings, and a ring are separate property; and (3) the trial
court erred by signing a post-decree order that required Albert to pay $5,000 of
Sophia’s appellate attorney’s fees. We reverse the judgment of the trial court and
remand the case for a new trial on the just and right division of the parties’ property. BACKGROUND
          Albert and Sophia began living together in 1987. One year later, Sophia gave
birth to their only child. To help cover living expenses, Sophia’s educational
expenses, and the expenses of Albert’s asbestos consulting business, Sophia applied
for and received student loans totaling over $90,000. In February 1994, Albert and
Sophia married, and in 2002, Sophia filed a petition for divorce. In the final divorce
decree, the court ordered Albert to pay Sophia’s entire student loan debt. 
          During discovery, Sophia served Albert with interrogatories asking him to
identify property that he claimed as his separate property. The only property that
Albert listed was a condominium located in Houston. Albert neither amended nor
supplemented his response to these interrogatories before trial. At trial, Albert’s
counsel proffered evidence of separate property not listed in the interrogatories. 
Sophia’s counsel objected to the admission of that evidence at all relevant times, and
the trial court sustained those objections. The trial court signed the final decree of
divorce on March 2, 2004. 
          On March 22, 2004, Sophia’s counsel filed a motion for temporary orders
pending appeal. The motion included a request for $5,000 for attorney’s fees pending
Albert’s appeal. Albert timely perfected his appeal on May 13, 2004. On June 14,
2004, the trial court signed an order granting Sophia’s request for temporary orders
pending appeal. This order included a provision requiring Albert to pay Sophia
$5,000 for appellate attorney’s fees. 
STUDENT LOAN DEBT

          In his first issue, Albert complains the trial court erred in ordering him to pay
Sophia’s student loan, which was acquired prior to marriage. 
          Property owned or claimed by a spouse before marriage or acquired after
marriage by gift, devise, or descent shall be that spouse’s separate property. Tex.
Const. art. XVI § 15; Tex. Fam. Code Ann. § 3.001(1), (2) (Vernon 1998). A court
may not decree that separate property of one spouse becomes the separate property
of the other spouse because “the nature of separate property is determined by the
Texas Constitution, rather than by what is ‘just and right.’” Eggemeyer v.
Eggemeyer, 554 S.W.2d 137, 140 (Tex. 1977).
          Here, it is undisputed that the student loans and their proceeds were acquired
before marriage. At trial, Sophia testified as follows:
QAll right. Ma’am, you and your husband got married in 1994. 
Isn’t that a fair statement?
 
AYes.
 
QAnd these student loans that you made, you made long before
1994, didn’t you?
 
AI made them before 1994.
 
QOkay. So, these are not even community debts, are they? These
are your separate property debts?
 
AYes, I guess you can say that.

When Sophia received the student loan proceeds, those proceeds constituted Sophia’s
separate property. See Tex. Const. art. XVI § 15; Tex. Fam. Code Ann. § 3.001(1),
(2) (Vernon 1998). Thus, there is no doubt the trial court would have erred had it
awarded Albert part of the student loan proceeds. See Eggemeyer, 554 S.W.2d at
140. We see no reason for treating differently the accompanying obligations. See
Pemelton v. Pemelton, 809 S.W.2d 642, 649–50 (Tex. App.—Corpus Christi 1991)
(discussing the characterization of debt) rev’d on other grounds by Heggen v.
Pemelton, 836 S.W.2d 145 (Tex. 1992); Marshall v. Marshall, 735 S.W.2d 587, 597
(Tex. App.—Dallas 1987, writ ref’d n.r.e.) (same); Farish v. Farish, 982 S.W.2d 623,
629 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (same) (unpublished text). The
obligation to pay the loans arose before marriage and should be treated as Sophia’s
separate debt—separate debt that could not be assigned to the non-incurring spouse. 
Accordingly, we conclude the trial court erred in assigning Sophia’s premarital
student loan debt to Albert because that student loan debt constituted Sophia’s
separate debt. This error had more than a de minimis effect upon the trial court’s
division; thus, we must remand the cause to the trial for a just and right division in
accordance with this opinion. We sustain appellant’s first issue.
ATTORNEY’S FEES
          In his third issue, Albert challenges the portion of the trial court’s June 14,
2004, postdecree, temporary orders that requires Albert to pay $5,000 to Sophia for
attorney’s fees on appeal. Albert contends that the issue of attorney’s fees had been
tried and considered during the case in chief and, therefore, that res judicata precludes
the award of attorney’s fees for appeal. Albert relies on John M. Gillis, P.C. v.
Wilbur, 700 S.W.2d 734 (Tex. App.—Dallas 1985, no writ), as support for this
contention. The Gillis court affirmed a summary judgment that rejected a postdivorce
claim for attorney’s fees by the attorney who had represented the wife in a divorce
action and sought payment for that representation. In reaching this result, the court
reasoned that the wife’s attorney’s fees were an integral part of the division of the
parties’ estate in the divorce action and, therefore, that res judicata barred the
attorney’s postdecree claim. Id. at 736. The Gillis court rejected the claim for
attorney’s fees, therefore, because the claim pertained to the “just and right” division
of the marital estate pursuant to former section 3.63, currently section 7.001, of the
Family Code, see Tex. Fam. Code Ann. § 7.001 (Vernon 1998), and should have
been brought in the divorce action. See Gillis, 700 S.W.2d at 736. Because the
attorney did not assert his claim for attorney’s fees in the divorce action, the claim
was barred. Id.
          The bar affirmed in Gillis has no bearing on the trial court’s June 14, 2004
temporary order, at issue here, which awarded Sophia $5,000 in attorney’s fees
“pending appeal,” because the trial court rendered this order pursuant to the express
grant of authority specified in section 6.709(a)(2) of the Family Code. Tex. Fam.
Code Ann. § 6.709 (Vernon 1998). The trial court’s power to render the June 14,
2004 order, which included the provision requiring Robert to pay Sophia attorney’s
fees pending appeal, derived exclusively from section 6.709(a)(2), which provides as
follows: 
Not later than the 30th day after the date an appeal is perfected, on the
motion of a party or on the court’s own motion, after notice and hearing,
the trial court may render a temporary order necessary for the
preservation of the property and for the protection of the parties during
the appeal, including an order to . . . require payment of reasonable
attorney’s fees and expenses. 

Tex. Fam. Code Ann. § 6.709(a)(2) (Vernon 1998). 
          Section 6.709(a) vests a trial court with discretionary authority to render
temporary orders when necessary, either to preserve the marital property pending
appeal or to protect the parties pending appeal. See id.


 The trial court’s authority
to render such temporary orders derives solely from section 6.709 and not from the
court’s exercise of plenary authority over a previously rendered judgment or decree. 
See In re Boyd, 34 S.W.3d 708, 711 (Tex. App.—Fort Worth 2000, orig. proceeding). 
Because the 30-day deadline stated in section 6.709(a) is absolute, this Court has
declared void orders that attempt to grant temporary relief pending appeal, but are
signed more than 30 days after an appeal has been perfected. See Bass v. Bass, 106
S.W.3d 311, 315 (Tex. App.—Houston [1st Dist.] 2003, no pet.); see also In re Boyd,
34 S.W.3d at 711 (conditionally granting mandamus relief to set aside order granting
wife interim support and attorney’s fees signed 56 days after husband perfected
appeal of divorce decree). 
          It is undisputed that Albert timely perfected his appeal by filing his written
notice of appeal on May 13, 2004, see Tex. R. App. P. 25.1(a), 26.1(a), that Sophia
filed her motion for temporary orders on March 22, 2004, and that the trial court
signed the temporary order containing the provisions for an award of $5,000 for
attorney’s fees for Sophia’s appeal on June 14, 2004. By operation of rule 4 of the
Rules of Civil Procedure, the 30-day deadline imposed by section 6.709(a) of the
Family Code expired on June 14, 2004. Tex. Fam. Code Ann. § 6.709(a); Tex. R.
Civ. P. 4 (governing computation of time). Accordingly, the trial court properly
exercised its section 6.709(a)(2) statutory authority by exercising the discretion
vested in the trial court by that statute to grant Sophia’s section 6.709 motion by
signing the temporary orders that included a provision requiring Albert to pay Sophia
$5,000 for appeal. See Bass, 106 S.W.3d at 315; In re Boyd, 34 S.W.3d at 711 . 
          We overrule Albert’s third issue. 
          In his second issue, Albert complains the trial court erred in characterizing
certain pieces of property as community property and by refusing to allow him to
introduce evidence regarding the proper characterization of that property. Having
concluded that we must remand the cause for a new trial on a just and right division
of the parties’ property, we need not address this issue. 
CONCLUSION
          We sustain appellant’s first issue and overrule his third issue. We reverse the
judgment of the trial court and remand the case for a new trial on the just and right
division of the parties’ property in accordance with this opinion.
 
 
                                                             Sherry Radack
                                                             Chief Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Bland.