

# IN THE
# TENTH COURT OF APPEALS

---

## No. 10-12-00332-CV

## IN RE GONZALO SALDANA

---

## Original Proceeding

---

# O P I N I O N

---

In this original proceeding, Relator Gonzalo Saldana seeks habeas corpus relief after having been found in contempt by the respondent trial judge for violating temporary orders in the underlying divorce case. *See* TEX. GOV'T CODE ANN. § 22.221(d) (West 2004). Gonzalo also seeks mandamus relief as to the temporary orders on the ground they are void.

This proceeding arises out of a divorce case in Navarro County. The trial court signed the divorce decree on October 13, 2011. After his motion for new trial was overruled by operation of law, Gonzalo filed a notice of appeal on January 12, 2012. We docketed the appeal, but it was then transferred to the Houston (First) Court of Appeals

pursuant to a docket-equalization order of the Texas Supreme Court.[1]

Estela Saldana, the real-party-in-interest in this original proceeding, had filed a motion for temporary orders pending appeal in the trial court, and on March 12, 2012, the trial court signed temporary orders that required, among other things, Gonzalo to pay temporary spousal support ($16,300 per month) during the pendency of the appeal or until further order. Several months later, Estela filed a motion for enforcement of the temporary orders, alleging that Gonzalo had failed to pay temporary spousal support as ordered. After a hearing, on August 24, 2012, the trial court signed an order finding that Gonzalo had failed to pay temporary spousal support as ordered on four occasions and was guilty of contempt. The August 24 order rendered a judgment for arrearages, attorney's fees, and court costs, and it ordered as punishment for each violation a $200 fine and ninety days' confinement in the county jail of Navarro County, with each period of confinement to run concurrently.

Gonzalo was also ordered to surrender himself on August 24, which he did. In this original proceeding, Gonzalo asserts that the trial court's March 12, 2012 order is void because it was rendered more than thirty days after his appeal was perfected. *See* TEX. FAM. CODE ANN. § 6.709(a) (West 2006) (providing that, not later than 30th day after date appeal is perfected, trial court may render temporary order necessary for the preservation of the property and for the protection of the parties during the appeal); *In re Boyd*, 34 S.W.3d 708, 710-11 (Tex. App.—Fort Worth 2000, orig. proceeding); *see also*

---

[1] Despite the direct appeal's transfer, we have jurisdiction of this original proceeding. *See In re Thomason*, No. 09-98-00462-CV, 1999 WL 130130, at *1 (Tex. App.—Beaumont Mar. 11, 1999, orig. proceeding) (not designated for publication); *see also In re Cantrell*, 97 S.W.3d 722, 723 (Tex. App.—Texarkana 2003, no pet.); *Varner v. Koons*, 888 S.W.2d 511, 513 (Tex. App.—El Paso 1994, orig. proceeding).

*Bass v. Bass*, 106 S.W.3d 311, 315 (Tex. App.—Houston [1st Dist.] 2003, no pet.). And Gonzalo also asserts that, because the March 12 order is void, the August 24 order holding him in contempt is void.

In his sole issue, Gonzalo asserts that he is entitled to habeas corpus relief because the March 12 order that he was alleged to have violated is void. As to the August 24 contempt and commitment order, Gonzalo seeks habeas corpus relief in the form of his immediate discharge on the ground that the order is void.[2] As to the March 12 order, Gonzalo seeks to have it vacated on the ground that it is void.

We requested a response to Gonzalo's request for emergency relief and petition for writ of habeas corpus. Estela responded that Gonzalo's request for emergency relief and petition for writ of habeas corpus have merit and that she does not object to the requested relief.[3]

Because the trial court's March 12 order was rendered more than thirty days after Gonzalo had perfected his appeal of the January 12 divorce decree, the March 12 order is void. *Boyd*, 34 S.W.3d at 711; *Walters v. Walters*, No. 05-03-00469-CV, 2004 WL 2595846, at *3-4 (Tex. App.—Dallas Nov. 16, 2004, no pet.) (mem. op.); *Thomason*, 1999 WL 130130, at *1. Gonzalo cannot be held in contempt for violating a void order. *In re*

---

[2] In an interim order, we granted only the motion for emergency relief and ordered Gonzalo released on September 14, 2012. *See* TEX. R. APP. P. 52.8(b)(3). Nevertheless, as long as the order is otherwise in effect, Gonzalo's liberty is at risk and he suffers sufficient restraint on his liberty interest such that the issue is not moot and we may address it in his petition for writ of habeas corpus.

[3] Estela's counsel's response states: "After verifying the factual statements in Relator's Request and Petition with trial counsel and after reviewing the relevant case law, undersigned believes that Relator's Request for Emergency Relief and Petition for Writ of Habeas Corpus have merit and on behalf of Wife does not object to the granting of the Request for Emergency Relief or the Petition for Writ of Habeas Corpus."

*Sloan,* 214 S.W.3d 217, 224 (Tex. App.—Eastland 2007, orig. proceeding) (citing *Ex parte Shaffer,* 649 S.W.2d 300, 301-02 (Tex. 1983), and *Ex parte Lillard,* 159 Tex. 18, 314 S.W.2d 800 (1958)).  Accordingly, the August 24, 2012 order of contempt and commitment is void, and we set it aside.  *See In re Henderson,* No. 10-12-00005-CV, 2012 WL 638457, at *5 (Tex. App.—Waco Feb. 15, 2012, orig. proceeding) (setting aside void contempt and commitment order); *Sloan,* 214 S.W.3d at 224 (same).  We sustain Gonzalo's issue and grant the petition for a writ of habeas corpus and render a final order unconditionally releasing Gonzalo from the restraint ordered by the trial court in its August 24, 2012 "Order Holding Respondent in Contempt for Failure to Pay Temporary Spousal Support Pending Appeal and Granting Judgment and Order for Commitment to County Jail."

Because the March 12, 2012 "Order on Motion for Temporary Orders Pending Appeal" is void, we also set it aside.  *See Sloan,* 214 S.W.3d at 224 (setting aside void temporary orders in original habeas proceeding); *Walters,* 2004 WL 2595846, at *4 (vacating void temporary orders pending appeal); *see also Boyd,* 34 S.W.3d at 711 (granting mandamus relief as to order that was void under section 6.709(a)).


REX D. DAVIS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Petition granted
Opinion delivered and filed September 27, 2012