Miguel Zaragoza **FUENTES**, Appellant

v.

**Evangelina Lopez Guzman ZARAGOZA**, Appellee

**NO. 01-17-00112-CV**

Court of Appeals of Texas, Houston (1st Dist.).

Opinion issued July 27, 2017

Richard P. Hogan, Jr., Jennifer Bruch Hogan, James C. Marrow, HOGAN & HOGAN, 711 Louisiana, Suite 500, Houston, Texas 77002, Kyle W. Sanders, GRAY REED & MCGRAW, 1300 Post Oak, Suite 2000, Houston, Texas 77056, Elaine A. Carlson, 1303 San Jacinto, Suite 755, Houston, Texas 77002, Christopher M. Odell, Hannah Sibiski, ARNOLD & PORTER KAYE SCHOLER LLP, 700 Louisiana Street, Suite 1600, Houston, Texas 77002, Raul R. Herrera, ARNOLD & PORTER KAYE SCHOLER LLP, 601 Massachusetts Ave, NW, Washington, DC 20001, R. Reeves Anderson, pro hac vice, ARNOLD & PORTER KAYE SCHOLER LLP, 370 Seventeenth Street, Suite 4400, Denver, CO 80202, for Appellant.

Mary-Olga Lovett, Robert L. Galloway, GREENBERG TRAURIG, L.L.P., 1000 Louisiana Street, Suite 1700, Houston, Texas 77002, Dale Wainwright, GREENBERG TRAURIG, L.L.P., 300 West 6th Street, Suite 2050, Austin, Texas 78701, Jeanne C. McDowell, Rebekah H. Bird-

well, THE LAW OFFICE OF JEANNE C. MCDOWELL, 603 Avondale, Houston, Texas 77006, for Appellee.

Panel consists of Chief Justice Radack and Justices Higley and Bland.

## OPINION

Jane Bland, Justice

This interlocutory appeal arises from the trial court's temporary order appointing a receiver to monitor and preserve marital assets during the appeal of an underlying divorce decree between Evangelina Lopez Guzman Zaragoza and Miguel Zaragoza Fuentes. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(1) (providing that party "may appeal from interlocutory order" that "appoints a receiver.").[1] Miguel challenges the trial court's jurisdiction to issue the temporary order appointing the receiver, the notice provided, and the sufficiency of the evidence. We hold that the trial court's appointment of the receiver is void for lack of jurisdiction.

## I.  Background

In December 2015, the trial court signed a Final Decree of Divorce between Miguel Fuentes and Evangelina Lopez Guzman Zaragoza. Miguel filed his notice of appeal on March 18, 2016.[2] The trial court set the amount required to supersede the judgment during the appeal at $278.3 million. We granted Miguel's motion challenging the amount of the supersedeas bond and reduced the amount to $25 million. *See Fuentes v. Zaragoza*, No. 01-16-00251-CV,

2016 WL 3023811 (Tex. App.—Houston [1st Dist.] May 26, 2016, order). Miguel posted the $25 million supersedeas bond on June 13, 2016.

Ten days after Miguel filed his notice of appeal, while the amount of the supersedeas bond was being litigated, Evangelina moved for temporary orders under Family Code Section 6.709 seeking injunctions, spousal support, and payment of her attorney's fees during the appeal. *See* TEX. FAM. CODE § 6.709. Miguel objected to the motion for temporary orders. On April 1, 2016, the trial court issued an order overruling Miguel's objections and providing that the court would proceed to determine temporary orders pending appeal as to spousal support and attorney's fees. The trial court's order denied—and stated that the court would not consider—any other temporary relief requested under section 6.709, including any request for appointment of a receiver:

> As to any other temporary relief pending appeal requested under section 6.709 of the Family Code, those requests are struck and dismissed and will not be considered, including any request for appointment of a receiver or occupancy of the residential property listed in the Motion for Temporary Orders During Appeal.

On the same day, the trial court issued temporary orders pursuant to section 6.709 requiring Miguel to pay Evangelina $300,000 in monthly support and $50,000 in monthly attorney's fees during the pendency of the appeal.

---

1.  Miguel also filed a petition for writ of mandamus challenging the trial court's entry of temporary orders, including the appointment of the receiver at issue in this appeal. *See In re Fuentes*, 01-16-00951-CV, 2017 WL 3184760 (Tex. App.—Houston [1st Dist.] July 27, 2017). Because this interlocutory appeal provides an adequate remedy for review of the order appointing a receiv-

er, we address the matter by appeal rather than by mandamus.

2.  Miguel's appeal from the decree is pending before this Court in *Miguel Zaragoza Fuentes, et al. v. Evangelina Lopez Guzman Zaragoza*, Case No. 01-16-00366-CV (Tex. App.—Houston [1st Dist.] ).

Miguel filed a petition for writ of mandamus, challenging the temporary orders as (1) untimely issued outside of the trial court's jurisdiction under section 6.709 and (2) an abuse of discretion because the evidence did not support the awards. *See In re Fuentes*, 506 S.W.3d 586, 590 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding [mand. denied]). We rejected Miguel's argument that the temporary orders were untimely issued under section 6.709, but conditionally granted the petition on the basis that the trial court abused its discretion by awarding $350,000 in monthly support and attorney's fees in the absence of supporting evidence. *Id.* at 594. In the original opinion on August 9, 2016, we initially directed the trial court to "vacate its order of temporary support and for attorney's fees and to conduct a hearing and enter new temporary orders within 30 days."

Miguel timely moved for rehearing, arguing that the trial court lacked jurisdiction to conduct another hearing or issue new orders because more than 30 days had passed since Miguel perfected his appeal. On October 6, 2016, we denied Miguel's motion for rehearing, but withdrew the August 9 opinion and issued a substitute opinion in its stead. *See In re Fuentes*, 506 S.W.3d at 588 n.1. The substitute opinion removed the language directing the trial court to "conduct a hearing and enter new temporary orders" and, instead, directed "the trial court to modify its order of temporary support and attorney's fees consistent with this opinion within 30 days." *Id.* at 594.

The trial court subsequently set another evidentiary hearing regarding the temporary orders for November 1, 2016. The trial court overruled Miguel's objections that (1) the trial court lacked jurisdiction to conduct another hearing or take new evidence more than 30 days after Miguel's appeal was perfected, and (2) the trial court's only authority on remand was to "modify its order of temporary support and attorney's fees consistent with" this Court's opinion. At the conclusion of the evidentiary hearing on November 3, 2016, the trial court orally pronounced that it was entering temporary orders (1) awarding Evangelina $350,000 in monthly support and attorney's fees (the same total amount previously awarded, but comprising $250,000 in monthly support and $100,000 in attorney's fees; whereas, the previous $350,000 consisted of $300,000 for support and $50,000 for attorney's fees); (2) awarding Evangelina $6.4 million in past attorney's fees; (3) awarding Evangelina exclusive use of certain properties; and (4) appointing a receiver to "monitor and report on all real and personal property awarded" in the decree and to ensure that "the property is preserved and protected during the pendency of the appeal." The trial court ordered Miguel and Evangelina each to deposit $300,000 by December 5, 2016, to cover the receiver's fees and expenses. The trial court signed these modified temporary orders on November 23, 2016.

On December 1, 2016, Miguel filed another petition for writ of mandamus challenging all aspects of the modified temporary orders, including the appointment of a receiver. On the same day, Miguel also filed a notice of appeal from the appointment of the receiver, the filing of which commenced this current appeal. We granted Miguel's request to stay the temporary orders, including the receiver's appointment.

## II. Discussion

In this appeal, Miguel argues that (1) the trial court lacked jurisdiction under section 6.709 to conduct a hearing and issue temporary orders, including the ap-

pointment of the receiver, more than 30 days after Miguel's appeal was perfected; (2) the trial court's appointment of a receiver exceeded the scope of our direction that the trial court modify its temporary orders within 30 days to be consistent with our opinion; (3) the trial court abused its discretion by appointing the receiver *sua sponte* without sufficient notice; and (4) the trial court abused its discretion by appointing the receiver without sufficient evidentiary support.

■ As a threshold matter, we review the trial court's jurisdiction to issue the order appointing the receiver. We need address Miguel's challenges to the merits of the appointment only if the trial court had jurisdiction to appoint a receiver while the case is on appeal. We review a challenge to the trial court's subject-matter jurisdiction *de novo*. *See In re Salminen*, 492 S.W.3d 31, 38 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding); *City of Richmond v. Pecan Grove Mun. Util. Dist.*, 01-14-00932-CV, 2015 WL 4966879, at *2 (Tex. App.—Houston [1st Dist.] Aug. 20, 2015, pet. denied). For the reasons discussed below, we hold that the trial court lacked jurisdiction to appoint the receiver.[3]

## A. The scope of a trial court's jurisdiction to appoint a receiver under section 6.709(a).

■ In civil cases, including cases under the Family Code, "[a] trial court retains jurisdiction over a case for 30 days after it signs a final judgment or order." *Martin v. Tex. Dep't of Family & Protective Serv.*, 176 S.W.3d 390, 392 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (citing Tex. R. Civ. P. 329b(d)). "[A]fter the 30 days run, the trial court loses its plenary power, and lacks jurisdiction to act in the matter." *Id.* Section 6.709 of the Family Code, however, provides that, within 30 days after perfection of an appeal, the trial court may enter temporary orders "necessary for the preservation of the property and the protection of the parties during the appeal," including an order "appoint[ing] a receiver for the preservation and protection of the property of the parties." Tex. Fam. Code § 6.709(a).[4] As one of our sister courts has explained, the statute provides a jurisdictional window of 30 days after an appeal is perfected for the trial court to render these temporary orders:

The clear intent of this statute is to extend the power of the trial court to enter temporary orders after an appeal has been perfected to preserve the community property and protect the parties,

3. Miguel's challenges to the other temporary orders are the subject of a current mandamus petition filed in *In re Fuentes*, 01-16-00951-CV and are not appropriately addressed in this appeal. Unlike the appointment of a receiver, an interlocutory appeal of the relief granted in the other temporary orders is not authorized. *Cf.* Tex. Civ. Prac. & Rem. Code § 51.014.

4. Section 6.709 provides:
(a) Not later than the 30th day after the date an appeal is perfected, on the motion of a party or on the court's own motion, after notice and hearing, the trial court may render a temporary order necessary for the preservation of the property and for the

protection of the parties during the appeal, including an order to:
(1) require the support of either spouse;
(2) require the payment of reasonable attorney's fees and expenses;
(3) appoint a receiver for the preservation and protection of the property of the parties; or
(4) award one spouse exclusive occupancy of the parties' residence pending the appeal.
(b) The trial court retains jurisdiction to enforce a temporary order under this section unless the appellate court, on a proper showing, supersedes the trial court's order. Tex. Fam. Code § 6.709.

when such relief has not been ordered in the original decree. As the statute's language expressly states, however, the time within which the trial court must act is "the 30th day after the date an appeal is perfected." 
*In re Boyd*, 34 S.W.3d 708, 710–11 (Tex. App.—Fort Worth 2000, orig. proceeding) (holding temporary order under section 6.709 void because entered more than 30 days after appeal). After the timely issuance of a temporary order, the trial court retains jurisdiction to enforce the order unless the appellate court supersedes the trial court's order. TEX. FAM. CODE § 6.709(b).

In our opinion conditionally granting mandamus relief regarding the original temporary orders, we held that section 6.709(a)'s 30-day jurisdictional window to issue temporary orders in this case began to run when Miguel perfected his appeal on March 18, 2016. *In re Fuentes*, 506 S.W.3d at 591. Accordingly, the trial court's jurisdiction to issue temporary orders ran until April 17, 2016 and the original temporary orders issued on April 1, 2016 were timely issued within the trial court's jurisdiction.

In his motion for rehearing from our opinion, Miguel argued that the trial court lacked jurisdiction to issue new temporary orders as directed in our opinion. There, Miguel argued that, even if the original temporary orders were issued within 30 days of his appeal, the trial court subsequently lost jurisdiction to correct them through new temporary orders issued outside of section 6.709's 30-day window. Although we denied rehearing, we withdrew the prior opinion and issued a substitute opinion to address Miguel's argument. In our substitute opinion, we removed our direction for the trial court to issue new temporary orders and, instead, directed the trial court to modify the existing time-ly-filed temporary orders consistent with our opinion. *See In re Fuentes*, 506 S.W.3d at 594

In this appeal, Miguel's challenge to the trial court's jurisdiction to issue a temporary order appointing a receiver is twofold. First, Miguel argues that the trial court's jurisdiction to issue new temporary orders under section 6.709 expired on April 17, 2016 and that "[t]he trial court's decision to grant *new* relief, including the appointment of a receiver, thus is void for lack of jurisdiction." (emphasis in original). Second, Miguel argues that appointment of the receiver also violates the direction in this Court's mandamus opinion that the trial court "modify its order of temporary support and attorney's fees consistent with this opinion within 30 days." According to Miguel, our opinion "gave the district court no authority to grant relief beyond 'temporary support and attorney's fees,' such as the appointment of a receiver, which the district court had previously denied."

■ We agree that the appointment of the receiver was new relief and not a modification of the existing temporary orders. Accordingly, appointment of the receiver fell outside of both section 6.709(a)'s 30-day window to grant temporary orders and our directive to modify the existing temporary orders to comport with the evidence presented at the initial hearing.

Evangelina's response focuses on Miguel's arguments regarding the merits of the trial court's order appointing a receiver. Citing section 6.709(a)(3), Evangelina asserts that "Section 6.709 of the Family Code gives trial courts the power to render an appropriate order—including the appointment of a receiver—for the preservation of the property and protection of the parties as deemed necessary and equitable during the pendency of an appeal of a divorce decree." But this argument ignores the 30-day limitation explicitly im-

posed by section 6.709(a). It is undisputed that the receiver was appointed outside of the 30-day window and, thus, is not authorized under section 6.709(a).

Evangelina contends that the trial court "appointed a receiver in this case to ensure the property [ ] awarded to Mrs. Zaragoza would be protected and preserved while Miguel pursued his appeal" and suggests that the trial court should be allowed to appoint a receiver at any time that it finds appointment necessary to preserve the marital estate:

> Responding to ongoing acts of misconduct that threaten to deplete the community assets while Miguel appeals does not exceed the Court's mandate. Texas courts are specifically empowered, under section 6.709 of the Family Code, to render temporary orders to preserve the marital property pending appeal. And that is exactly what the court did. If litigants like Miguel could transfer and hide assets all over the world during the pendency of a divorce appeal, then the very purpose of temporary orders would be forever defeated.

But this argument likewise ignores section 6.709(a)'s explicit 30-day limitation on issuing a temporary order appointing a receiver.

Evangelina also relies on *In re C.F.M.* to suggest that the trial court has discretion to appoint a receiver at any time based upon developments in a case. *See In re C.F.M.*, 360 S.W.3d 654, 659 (Tex. App.—Dallas 2012, no pet.). But *In re C.F.M.* concerned the appointment of a receiver under section 6.502 of the Family Code, which governs appointing a receiver while a suit for dissolution of a marriage is pending. *See id.* at 658. Although section 6.502 does not provide a time in which the trial court must appoint a receiver, it only applies to cases where the divorce is pending and the trial court still has plenary power.

It is inapplicable where review of a divorce decree is pending on appeal:

> (a) While a suit for dissolution of a marriage is pending and on the motion of a party or on the court's own motion after notice and hearing, the court may render an appropriate order, including the granting of a temporary injunction for the preservation of the property and protection of the parties as deemed necessary and equitable and including an order directed to one or both parties:
>
> ... (5) appointing a receiver for the preservation and protection of the property of the parties;

Tex. Fam. Code § 6.502(a)(5). The appointment of a receiver during an appeal from a divorce decree is governed by section 6.709, which explicitly requires the appointed no later than 30 days from the date the appeal is perfected. *See* Tex. Fam. Code § 6.709(a).

Evangelina suggests that limiting the appointment of a receiver to 30 days after an appeal would unfairly allow Miguel to dispose of assets after 30 days without repercussion while, at the same time, Miguel's posting of his $25 million supersedeas bond prevents Evangelina from enforcing the decree. Evangelina claims that "In their view, evading the judgment carries no consequence beyond the $25 million, despite the fact that that the judgment entered against Miguel is for more than $2 billion." Although Evangelina argues that execution upon the $25 million bond is insufficient to cover the amounts at issue in the divorce, execution upon the supersedeas bond is the available statutory remedy to address her claims. We are not at liberty to disregard the legislatively mandated 30-day jurisdictional time limit on the trial court appointing a receiver under section 6.709(a).

Outside of section 6.709(a), Evangelina claims that Miguel's arguments are "based

on a faulty premise—that once jurisdiction is extended under section 6.709, a trial court may not enter appropriate orders to enforce orders to preserve the marital estate." Evangelina appears to rely upon section 6.709(b)'s granting the trial court continuing jurisdiction to enforce its temporary orders. Evangelina further claims that the trial court "had continuing jurisdiction to appoint a receiver because this Court's opinion called for a modification of the order, rather than a vacatur." We address both of these arguments regarding jurisdiction outside of section 6.709(a) below.

### B. Trial court jurisdiction to appoint a receiver under section 6.709(b)'s authorization to enforce existing temporary orders.

Although the trial court's appointment of a receiver fell outside of section 6.709(a)'s 30-day limit, Evangelina appears to suggest that the appointment falls within the trial court's continuing jurisdiction to enforce its temporary orders. *See* TEX. FAM. CODE § 6.709(b) ("The trial court retains jurisdiction to enforce a temporary order under this section unless the appellate court, on a proper showing, supersedes the trial court's order."). But the trial court's appointment of a receiver in this case is new relief and not merely modification of the prior temporary orders. The appointment thus falls outside of the trial court's jurisdiction to enforce its existing orders under section 6.709(b).

■ Trial courts have statutory and inherent authority to enforce their orders and decrees beyond their plenary power.

*See Arndt v. Farris,* 633 S.W.2d 497, 499 (Tex. 1982) ("The general rule is that every court having jurisdiction to render a judgment has the inherent power to enforce its judgments."). Texas Rule of Civil Procedure 308 provides trial courts with continuing jurisdiction to enforce judgments. *See* TEX. R. CIV. P. 308; *see also* TEX. GOV'T CODE § 21.001(a) ("A court has all powers necessary for ... the enforcement of its lawful orders...."). Section 6.709(b) of the Family Code similarly provides trial courts with continuing jurisdiction to enforce their temporary orders pending appeal of a divorce decree. The power to enforce a judgment, however, does not confer jurisdiction to materially change or supplement a prior judgment after plenary power has expired. *See Matz v. Bennion,* 961 S.W.2d 445, 452 (Tex. App.—Houston [1st Dist.] 1997, writ denied) ("The only limit on a trial court's authority to enforce its acts is that 'enforcement orders may not be inconsistent with the original judgment and must not constitute a material change in substantial adjudicated portions of the judgment.'") (quoting *Katz v. Bianchi,* 848 S.W.2d 372, 374 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding)); *Beluga Chartering, B.V. v. Timber S.A.,* 294 S.W.3d 300, 306 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

In this case, the trial court's appointment of a receiver is both a material change to, and inconsistent with, its original temporary orders, in which the trial court expressly denied appointment of a receiver.[5] *See id.* Because the appointment of a receiver is new relief not connected to the enforcement of the original temporary

---

**5.** Miguel notes that Evangelina did not appeal the trial court's initial order denying appointment of a receiver, but section 51.014(a)(1) only allows for an interlocutory appeal of an order appointing a receiver. TEX. CIV. PRAC. & REM. CODE § 51.014(a)(1); *see also Waite v. Waite,* 76

S.W.3d 222, 223 (Tex. App.—Houston [1st Dist] 2002) ("An order dissolving a receivership is not appealable; the interlocutory appeal statute permits an appeal *only* from an order that 'appoints a receiver.'") (emphasis in original)

orders, section 6.709(b) does not apply. Rather, section 6.709(a) governs the trial court's jurisdiction to grant such relief. As a result, it expired 30 days after perfection of Miguel's appeal. *See* Tex. Fam. Code § 6.709(a).

Judicial action taken after the trial court's plenary power has expired is void for lack of jurisdiction. *See State ex. rel Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995). Accordingly, because the trial court appointed the receiver more than 30 days after Miguel's appeal, we hold that its appointment of a receiver is void. *See Bass v. Bass*, 106 S.W.3d 311, 318 (Tex. App.— Houston [1st Dist.] 2003, no pet.) (declaring temporary order appointing receiver void because trial court lacked jurisdiction to issue order under section 6.709 after the 30-day, post-perfection-of-appeal time limit). In *Bass*, this Court recognized that the trial court's authority to enter temporary orders to preserve the marital estate is limited to 30 days after the appeal:

> Although entered to preserve the marital estate, as contemplated by section 6.709, the orders cannot qualify as temporary orders rendered under section 6.709 of the Family Code because the deadline set by that statute had long passed. *See Grossnickle v. Grossnickle*, 935 S.W.2d 830, 850 (Tex. App.—Texarkana 1996, writ denied); *Hare v. Hare*, 786 S.W.2d 747, 748 (Tex. App.—Houston [1st Dist.] 1990, no writ).

*Id.* at 315–16; *see also In re Boyd*, 34 S.W.3d at 710–11 (holding temporary order under section 6.709 void because entered more than 30 days after appeal).

**C. Appointment of a receiver was not part of earlier appellate proceedings.**

Evangelina lastly relies upon our opinion granting mandamus relief from the trial court's initial temporary orders to contend that it authorized the trial court to appoint a receiver, asserting that the trial court "had continuing jurisdiction to appoint a receiver because this Court's opinion called for a modification of the order, rather than vacatur."

Evangelina's reliance upon our opinion as the basis for the trial court's jurisdiction to appoint a receiver is misplaced. As a fundamental matter, our opinion does not grant the trial court jurisdiction to issue temporary orders; rather, the trial court's jurisdiction to issue a temporary order appointing a receiver derives from section 6.709. Because the trial court's appointment of a receiver was outside of the time allowed under section 6.709(a) and does not constitute enforcement of a timely order under section 6.709(b), the trial court lacked jurisdiction to appoint the receiver. Our opinion cannot create jurisdiction that the trial court lacked by statute. *See In re Allcat Claims Serv., L.P.*, 356 S.W.3d 455, 459–60 (Tex. 2011) (orig. proceeding) ("The jurisdiction of all Texas courts, including this Court, derives from the Texas Constitution and state statutes.") (citing *Chenault v. Phillips*, 914 S.W.2d 140, 141 (Tex. 1996)).

### III. Conclusion

For the foregoing reasons, we hold that the trial court's appointment of the receiver is void for lack of jurisdiction. We vacate the trial court's orders appointing a receiver and creating a receivership.