

# NUMBER 13-25-00458-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE JONATHON PATRICK SIMONS

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Justices Silva, Peña, and West**
**Memorandum Opinion by Justice West**

By petition for writ of mandamus, relator Jonathon Patrick Simons contends that the trial court[1] erred by ordering him to pay attorney's fees as part of temporary orders pending appeal. The temporary orders were not issued within the statutory deadlines and are void. *See* TEX. FAM. CODE ANN. §§ 6.709(a), 109.001.[2] Accordingly, we conditionally

---

[1] This original proceeding arises from trial court cause number FM54235 in the 23rd District Court of Wharton County, Texas, and the respondent is the Honorable John C. Maher Jr. *See* TEX. R. APP. P. 52.2.

[2] Both sections were amended, effective September 1, 2025, to include the payment of court costs in addition to attorney's fees and expenses. *See* Act 2025, 89th Leg., ch. 593 (H.B.2524), § 4, eff. Sept. 1, 2025 (now codified as TEX. FAM. CODE ANN. § 6.709); Act 2025, 89th Leg., ch. 593 (H.B. 2524), § 22, eff.,

grant the petition for writ of mandamus.

## I.   BACKGROUND

On March 5, 2025, the trial court signed a final decree of divorce for Jonathon and real party in interest Heather Nicole Simons. The final decree addressed property division and custody arrangements regarding the parties' minor child. On April 4, 2025, Jonathon filed a motion for new trial. On April 9, 2025, Heather filed a motion for temporary orders pending appeal as would be "considered equitable and necessary for the preservation of the property." Specifically, citing two provisions of the Texas Family Code, Heather requested the trial court to enter temporary orders requiring Jonathon to pay her "reasonable and necessary" appellate attorney's fees and expenses in the event that Jonathon were to appeal the final decree of divorce. *See id.* §§ 6.709(a), 109.001. On May 5, 2025, Jonathon filed a notice of appeal. Jonathon's notice of appeal was docketed in our appellate cause number 13-25-00247-CV and remains pending in that cause.

The trial court held an evidentiary hearing on Heather's motion for temporary orders pending appeal on June 4, 2025, and continued that hearing on July 8, 2025. On July 11, 2025, the trial court signed temporary orders granting Heather's motion which, in relevant part, required Jonathon to pay "reasonable interim attorney's fees and expenses" (1) in the amount of $10,000, payable on or before August 9, 2025, and (2) an additional $5,250 in the event that Jonathon appealed to the Texas Supreme Court, payable on or before the date that his brief would be due in that court.

Sept. 1, 2025 (now codified as TEX. FAM. CODE ANN. § 109.001). This case arose before the effective date of those amendments; however, the amendments have no effect on our analysis, and we cite to the current versions of these statutes for each of reference.

This original proceeding ensued. Jonathon asserts by one issue that the trial court abused its discretion by ordering him to pay Heather's appellate attorney's fees because Heather failed to present sufficient evidence to support the award. We requested and received a response to the petition for writ of mandamus from Heather. *See* TEX. R. APP. P. 52.4, 52.8.

## II.     STANDARD OF REVIEW

A writ of mandamus is an extraordinary remedy available only when the trial court clearly abused its discretion and the party seeking relief lacks an adequate remedy on appeal. *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding). "The relator bears the burden of proving these two requirements." *In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). However, when "a trial court issues an order 'beyond its jurisdiction,' mandamus relief is appropriate because such an order is void ab initio." *In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding) (per curiam) (quoting *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding)). In such circumstances, the relator need not show it lacks an adequate appellate remedy. *See In re Vaishangi, Inc.*, 442 S.W.3d 256, 261 (Tex. 2014) (orig. proceeding) (per curiam); *In re Sw. Bell Tel. Co.*, 35 S.W.3d at 605.

## III.     ANALYSIS

Heather invoked sections 6.709 and 109.001 of the Texas Family Code in support of her request for attorney's fees. TEX. FAM. CODE ANN. §§ 6.709(a), 109.001. Section 6.709 of the Texas Family Code allows the trial court to enter temporary orders during an appeal "as considered equitable and necessary for the preservation of the property and

3

for the protection of the parties during an appeal." *Id.* § 6.709(a). This provision expressly contemplates the award of "reasonable and necessary attorney's fees, court costs, and expenses." *Id.* § 6.709(a)(2). Similarly, § 109.001 authorizes the trial court to enter temporary orders that are "necessary to preserve and protect the safety and welfare of the child during the pendency of an appeal as the court may deem necessary and equitable." *Id.* § 109.001(a). This section also specifically allows awards for the payment of reasonable and necessary attorney's fees, court costs, and expenses. *Id.* § 109.001(a)(5).

Under both sections, "[t]he trial court retains jurisdiction to conduct a hearing and sign" temporary orders "until the 60th day after the date any eligible party has filed a notice of appeal from final judgment under the Texas Rules of Appellate Procedure." *Id.* §§ 6.709(i), 109.001(b-2). The trial court lacks jurisdiction to enter temporary orders after the statutorily prescribed window of time, and any orders entered after the expiration of this period are void. *In re Saldana*, 380 S.W.3d 890, 892 (Tex. App.—Waco 2012, orig. proceeding); *In re Norris*, 371 S.W.3d 546, 550 (Tex. App.—Austin 2012, orig. proceeding); *Love v. Bailey–Love*, 217 S.W.3d 33, 36–37 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *In re Boyd*, 34 S.W.3d 708, 711 (Tex. App.—Fort Worth 2000, orig. proceeding); *see also In re Fuentes*, 506 S.W.3d 586, 590 (Tex. App.—Houston [1st Dist.] 2016, orig. proceeding [mand. denied]) ("An untimely temporary order is a void order.").

Here, under Texas Family Code sections 6.709 and 109.001, the trial court had jurisdiction to conduct a hearing and sign temporary orders until the sixtieth day after the date that any party filed a notice of appeal from a final judgment. *See* TEX. FAM. CODE ANN. §§ 6.709(i), 109.001(b-2). Jonathon filed his notice of appeal from the final divorce

4

decree on May 5, 2025, and the sixtieth day after that date was July 4, 2025. The trial court signed the temporary orders at issue in this original proceeding on July 11, 2025, after the statutorily prescribed deadline. Accordingly, the trial court's July 11, 2025 temporary orders are void. *See In re Saldana*, 380 S.W.3d at 892; *In re Norris*, 371 S.W.3d at 550; *Love*, 217 S.W.3d at 36–37; *In re Boyd*, 34 S.W.3d at 711. Having reached this conclusion, we need not address the sufficiency of the evidence to support the trial court's ruling. *See* TEX. R. APP. P. 47.4.

## IV.    CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response, and the applicable law, is of the opinion that the trial court's July 11, 2025 temporary orders are void. Accordingly, we lift the stay previously imposed in this case. *See id.* R. 52.10. We conditionally grant the petition for writ of mandamus. We direct the trial court to vacate its July 11, 2025 temporary orders. Our writ will issue only if the trial court fails to comply.

JON WEST
Justice

Delivered and filed on the
14th day of October, 2025.

5