**Albert LOVE, Appellant,**

v.

**Sophia BAILEY–LOVE, Appellee.**

**No. 01–04–00564–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 24, 2006.

William J. Rice, Jr., Rice & Associates, Houston, TX, for appellant.

Susan Myres, Myres Dale & Associates PC, Houston, TX, for appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and BLAND.

## OPINION

SHERRY RADACK, Chief Justice.

This is an appeal from a divorce decree. In three points of error, appellant, Albert Love, contends that (1) the trial court erred by ordering Albert to pay appellee's, Sophia Bailey–Love's, premarital student loan debt because it constitutes "separate debt"; (2) the trial court erred by excluding evidence that a financial account, household furnishings, and a ring are separate property; and (3) the trial court erred by signing a post-decree order that required Albert to pay $5,000 of Sophia's appellate attorney's fees. We reverse the judgment of the trial court and remand the case for a new trial on the just and right division of the parties' property.

## BACKGROUND

Albert and Sophia began living together in 1987. One year later, Sophia gave birth to their only child. To help cover living expenses, Sophia's educational expenses, and the expenses of Albert's asbestos consulting business, Sophia applied for and received student loans totaling over $90,000. In February 1994, Albert and Sophia married, and in 2002, Sophia filed a petition for divorce. In the final divorce decree, the court ordered Albert to pay Sophia's entire student loan debt.

During discovery, Sophia served Albert with interrogatories asking him to identify property that he claimed as his separate property. The only property that Albert listed was a condominium located in Hous-

ton. Albert neither amended nor supplemented his response to these interrogatories before trial. At trial, Albert's counsel proffered evidence of separate property not listed in the interrogatories. Sophia's counsel objected to the admission of that evidence at all relevant times, and the trial court sustained those objections. The trial court signed the final decree of divorce on March 2, 2004.

On March 22, 2004, Sophia's counsel filed a motion for temporary orders pending appeal. The motion included a request for $5,000 for attorney's fees pending Albert's appeal. Albert timely perfected his appeal on May 13, 2004. On June 14, 2004, the trial court signed an order granting Sophia's request for temporary orders pending appeal. This order included a provision requiring Albert to pay Sophia $5,000 for appellate attorney's fees.

## STUDENT LOAN DEBT

■ In his first issue, Albert complains the trial court erred in ordering him to pay Sophia's student loan, which was acquired prior to marriage.

■ Property owned or claimed by a spouse before marriage or acquired after marriage by gift, devise, or descent shall be that spouse's separate property. Tex. Const. art. XVI § 15; Tex. Fam.Code Ann. § 3.001(1), (2) (Vernon 1998). A court may not decree that separate property of one spouse becomes the separate property of the other spouse because "the nature of separate property is determined by the Texas Constitution, rather than by what is 'just and right.'" *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 140 (Tex.1977).

Here, it is undisputed that the student loans and their proceeds were acquired before marriage. At trial, Sophia testified as follows:

Q All right. Ma'am, you and your husband got married in 1994. Isn't that a fair statement?

A Yes.

Q And these student loans that you made, you made long before 1994, didn't you?

A I made them before 1994.

Q Okay. So, these are not even community debts, are they? These are your separate property debts?

A Yes, I guess you can say that.

When Sophia received the student loan *proceeds*, those proceeds constituted Sophia's separate property. *See* Tex. Const. art. XVI § 15; Tex. Fam.Code Ann. § 3.001(1), (2) (Vernon 1998). Thus, there is no doubt the trial court would have erred had it awarded Albert part of the student loan proceeds. *See Eggemeyer*, 554 S.W.2d at 140. We see no reason for treating differently the accompanying obligations. *See Pemelton v. Pemelton*, 809 S.W.2d 642, 649–50 (Tex.App.-Corpus Christi 1991) (discussing the characterization of debt) *rev'd on other grounds by Heggen v. Pemelton*, 836 S.W.2d 145 (Tex. 1992); *Marshall v. Marshall*, 735 S.W.2d 587, 597 (Tex.App.-Dallas 1987, writ ref'd n.r.e.) (same); *Farish v. Farish*, 982 S.W.2d 623, 629 (Tex.App.-Houston [1st Dist.] 1998, no pet.) (same) (unpublished text). The obligation to pay the loans arose before marriage and should be treated as Sophia's separate debt—separate debt that could not be assigned to the non-incurring spouse. Accordingly, we conclude the trial court erred in assigning Sophia's premarital student loan debt to Albert because that student loan debt constituted Sophia's separate debt. This error had more than a *de minimis* effect upon the trial court's division; thus, we must remand the cause to the trial for a just and right division in accordance with

this opinion. We sustain appellant's first issue.

## ATTORNEY'S FEES

■ In his third issue, Albert challenges the portion of the trial court's June 14, 2004, postdecree, temporary orders that requires Albert to pay $5,000 to Sophia for attorney's fees on appeal. Albert contends that the issue of attorney's fees had been tried and considered during the case in chief and, therefore, that res judicata precludes the award of attorney's fees for appeal. Albert relies on *John M. Gillis, P.C. v. Wilbur,* 700 S.W.2d 734 (Tex.App.-Dallas 1985, no writ), as support for this contention. The *Gillis* court affirmed a summary judgment that rejected a postdivorce claim for attorney's fees by the attorney who had represented the wife in a divorce action and sought payment for that representation. In reaching this result, the court reasoned that the wife's attorney's fees were an integral part of the division of the parties' estate in the divorce action and, therefore, that res judicata barred the attorney's postdecree claim. *Id.* at 736. The *Gillis* court rejected the claim for attorney's fees, therefore, because the claim pertained to the "just and right" division of the marital estate pursuant to former section 3.63, currently section 7.001, of the Family Code, *see* TEX. FAM.CODE ANN. § 7.001 (Vernon 1998), and should have been brought in the divorce action. *See Gillis,* 700 S.W.2d at 736. Because the attorney did not assert his claim for attorney's fees in the divorce action, the claim was barred. *Id.*

The bar affirmed in *Gillis* has no bearing on the trial court's June 14, 2004 temporary order, at issue here, which awarded Sophia $5,000 in attorney's fees "pending appeal," because the trial court rendered this order pursuant to the express grant of authority specified in section 6.709(a)(2) of the Family Code. TEX. FAM.CODE ANN. § 6.709 (Vernon 1998). The trial court's power to render the June 14, 2004 order, which included the provision requiring Robert to pay Sophia attorney's fees pending appeal, derived exclusively from section 6.709(a)(2), which provides as follows:

> Not later than the 30th day after the date an appeal is perfected, on the motion of a party or on the court's own motion, after notice and hearing, the trial court may render a temporary order necessary for the preservation of the property and for the protection of the parties during the appeal, including an order to . . . require payment of reasonable attorney's fees and expenses.

TEX. FAM.CODE ANN. § 6.709(a)(2) (Vernon 1998).

■ Section 6.709(a) vests a trial court with discretionary authority to render temporary orders when necessary, either to preserve the marital property pending appeal or to protect the parties pending appeal. *See id.*[1] The trial court's authority to render such temporary orders derives solely from section 6.709 and not from the court's exercise of plenary authority over a previously rendered judgment or decree. *See In re Boyd,* 34 S.W.3d 708, 711 (Tex. App.-Fort Worth 2000, orig. proceeding). Because the 30–day deadline stated in section 6.709(a) is absolute, this Court has declared void orders that attempt to grant temporary relief pending appeal, but are signed more than 30 days after an appeal has been perfected. *See Bass v. Bass,* 106 S.W.3d 311, 315 (Tex.App.-Houston [1st

---

1. A similar statutory provision authorizes trial court to render temporary orders, including temporary orders requiring payment of reasonable attorney's fees and expenses, as necessary to protect the welfare of children during the pendency of an appeal. *See* TEX FAM. CODE ANN. § 109.001(a)(5) (Vernon 2002).

Dist.] 2003, no pet.); *see also In re Boyd,* 34 S.W.3d at 711 (conditionally granting mandamus relief to set aside order granting wife interim support and attorney's fees signed 56 days after husband perfected appeal of divorce decree).

It is undisputed that Albert timely perfected his appeal by filing his written notice of appeal on May 13, 2004, *see* TEX. R.APP. P. 25.1(a), 26.1(a), that Sophia filed her motion for temporary orders on March 22, 2004, and that the trial court signed the temporary order containing the provisions for an award of $5,000 for attorney's fees for Sophia's appeal on June 14, 2004. By operation of rule 4 of the Rules of Civil Procedure, the 30–day deadline imposed by section 6.709(a) of the Family Code expired on June 14, 2004. TEX. FAM.CODE ANN. § 6.709(a); TEX.R. CIV. P. 4 (governing computation of time). Accordingly, the trial court properly exercised its section 6.709(a)(2) statutory authority by exercising the discretion vested in the trial court by that statute to grant Sophia's section 6.709 motion by signing the temporary orders that included a provision requiring Albert to pay Sophia $5,000 for appeal. *See Bass,* 106 S.W.3d at 315; *In re Boyd,* 34 S.W.3d at 711.

We overrule Albert's third issue.

In his second issue, Albert complains the trial court erred in characterizing certain pieces of property as community property and by refusing to allow him to introduce evidence regarding the proper characterization of that property. Having concluded that we must remand the cause for a new trial on a just and right division of the parties' property, we need not address this issue.

### CONCLUSION

We sustain appellant's first issue and overrule his third issue. We reverse the judgment of the trial court and remand the case for a new trial on the just and right division of the parties' property in accordance with this opinion.