Petition for Writ of Prohibition and
Writ of Mandamus Denied Without Prejudice and Memorandum Opinion filed August
23, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-11-00657-CV



 

In Re Jeffrey W. Harper,
Relator



 



ORIGINAL
PROCEEDING



WRIT OF PROHIBITION

WRIT OF MANDAMUS

County Court at
Law

Waller County,
Texas

Trial Court Cause No. 11-03-20780



MEMORANDUM
 OPINION

On August 1, 2011, relator Jeffrey W. Harper filed a
petition for writ of prohibition and writ of mandamus in this court.  See Tex.
Gov’t Code Ann. §22.221 (Vernon 2004); see also Tex. R. App. P. 52.  In
the petition, relator contends that the Honorable June Jackson, presiding judge
of the County Court at Law of Waller County does not have jurisdiction to issue
temporary orders in the underlying case.

On May 17, 2011, the trial court entered a final
decree of divorce.  Relator perfected appeal by filing a notice of appeal on
June 10, 2011, which this court docketed as cause number 14-11-00572-CV.  On
July 21, 2011, the real party in interest, Karen Harper, filed a motion for
temporary orders pending appeal seeking payment of temporary child support, and
appropriate orders for the conservatorship of the child.  A hearing on this
motion was set for August 2, 2011.  On August 1, 2011, relator filed this
original proceeding seeking a writ of prohibition, or in the alternative, a writ
of mandamus to compel the respondent to refrain from ruling on real party in
interest’s motion for temporary orders because the motion was filed more than
30 days after appeal was perfected.

This court has jurisdiction to issue writs of
prohibition to protect its jurisdiction. See Tex. Gov’t Code Ann. §
22.221(a).  The writ of prohibition is an extraordinary judicial writ that may
be issued by a court of appeals as a court of superior jurisdiction, directed
to a court of inferior jurisdiction.  Humble Exploration Co. v. Walker,
641 S.W.2d 941, 943 (Tex. App.—Dallas 1982, orig. proceeding).  The purpose of
this writ is generally to prevent an inferior tribunal from exercising
jurisdiction which it has no lawful right to exercise.  See id.  A writ
of prohibition may be granted (1) to prevent interference with higher courts in
deciding a pending appeal, (2) to prevent an inferior court from entertaining
suits that will re-litigate controversies already settled by the issuing court,
or (3) to prohibit a trial court from acting when it affirmatively appears the
court lacks jurisdiction.  See id.  This court should exercise great
caution before issuing a writ of prohibition.  See id.  In this original
proceeding, relator seeks a writ prohibiting respondent from granting temporary
orders pending appeal because the judge no longer has jurisdiction to do so.  Before
issuing such a writ, this court must be satisfied that there is a real threat
that the respondent will act without jurisdiction by granting temporary orders
pending appeal.  See In re Castle Tex. Prod. Ltd. P’ship, 189 S.W.3d 400,
403 (Tex. App.—Tyler 2006, orig. proceeding).

Real party in interest filed her motion for temporary
orders pending appeal under sections 6.709(a) and 109.001 of the Family Code.  See
Tex. Fam. Code Ann. § 6.709(a) (West 2006); id. § 109.001 (West 2008). 
Under either statute, the trial court must render any temporary orders pending
appeal “[n]ot later than the 30th day after the date an appeal is
perfected.”  Id. §§ 6.709(a), 109.001.  Relator perfected appeal on June
10, 2011, and more than thirty days have passed without the trial court
rendering any temporary orders pending appeal.  When real party in interest
filed her motion on July 21, 2011, respondent no longer had jurisdiction to
render temporary orders pending appeal.  See In re L.L., No.
04-08-00911-CV, 2010 WL 2403579, at *8 (Tex. App.—San Antonio June 16, 2010,
pet. filed) (mem. op.) ; Love v. Bailey-Love, 217 S.W.3d 33, 36–37 (Tex.
App.—Houston [1st Dist.] 2006, no pet.); In re Boyd, 34 S.W.3d 708, 711
(Tex. App.—Fort Worth 2000, orig. proceeding).  If the respondent were to grant
this motion, any such temporary orders would be void.  See In re L.L.,
2010 WL 2403579, at *8; Love, 217 S.W.3d at 36–37; In re Boyd, 34
S.W.3d at 711.  

But, on the record before this court, real party in interest’s
motion merely has been set for hearing.  The record does not show a real threat
that the respondent will act without jurisdiction by granting this motion.  See
In re Castle Tex. Prod. Ltd. P’ship, 189 S.W.3d at 403.  Relator has not
shown that he is entitled to a writ of prohibition.  See id. 
Accordingly, we deny relator’s petition for a writ of prohibition without
prejudice to refiling if evidence of a real threat develops.  

Because the trial court has not rendered any order,
we deny relator’s petition for a writ of mandamus without prejudice to refiling
if the trial court renders an order.  

 

 

                                                                                    PER
CURIAM

 

Panel consists of Justices Frost, Seymore, and Jamison.