ACCEPTED
07-15-00176-CV
SEVENTH COURT OF APPEALS
AMARILLO, TEXAS
11/9/2015 11:57:18 PM
Vivian Long, Clerk

NO. 07-15-00176-CV

IN THE SEVENTH COURT OF APPEALS
AMARILLO, TEXAS

FILED IN
7th COURT OF APPEALS
AMARILLO, TEXAS
11/9/2015 11:57:18 PM
VIVIAN LONG
CLERK

IN THE MATTER OF THE MARRIAGE OF CHRISTINA LYNN FLETCHER
AND ROBERT HUGH FLETCHER

ON APPEAL FROM THE 237TH DISTRICT COURT
LUBBOCK COUNTY, TEXAS
CAUSE NO. 2014-510,128

BRIEF OF APPELLANT

Charles Blevins
Attorney for Appellant
Chappell, Lanehart & Stangl, P.C.
1217 Avenue K
Lubbock, TX 79401-4025
(806) 765-7370 phone
(806) 765-8150 fax
charles@attorneyinlubbock.com
State Bar No. 24077261

*Counsel for Appellant Robert Hugh Fletcher*

ORAL ARGUMENT REQUESTED

## Identity of Parties and Counsel

<u>Appellant</u>

**Robert Hugh Fletcher**

    Trial Counsel:

    Mr. Robert Sullivan
    5147 69th Street, Suite D
    Lubbock, TX 79424

    Appellant Counsel:

    Charles Blevins
    Chappell, Lanehart & Stangl, P.C.
    1217 Avenue K
    Lubbock, TX 79401-4025

<u>Appellee</u>

**Christina Lynn Fletcher**

    Trial Counsel:

    Charles Chambers
    915 Texas Avenue
    Lubbock, TX 79408

    Appellee Counsel:

    Deborah Smith McClure        W. Calloway Huffaker
    P.O. Box 15125              P.O. Box 968
    Amarillo, TX 79105-5125     Tahoka, TX 79373

# Table of Contents

Identity of Parties and Counsel ................................................................. 2

Table of Contents .................................................................................... 3

Index of Authorities ................................................................................ 4

Designation of References........................................................................ 6

Statement of the Case ............................................................................. 7

Issues Presented....................................................................................... 8

Statement of Facts .................................................................................. 9

Summary of Argument............................................................................ 10

Argument and Authorities ...................................................................... 11

    Issue Restated: The trial court's mischaracterization of property (and the divestiture of the husband's separate property) in this divorce action resulted in a division of the community estate in a manner that was not fair and just. ............. 11

        A. Standard of Review for Division of Marital Property................................. 11

        B. Standard of Review for Division of Marital Property ................................ 11

        C. Community Property Presumption and "Clear and Convincing Evidence." ........................................................................................... 12

        D. The trial court mischaracterized Bobby's separate property as community property and improperly awarded it to Christina. ........................................... 13

        E. Conclusion ......................................................................................... 18

Prayer...................................................................................................... 19

Certificate of Compliance ....................................................................... 20

Certificate of Service................................................................................ 21

# Index of Authorities

Cases

*Allen v. Allen,*
704 S.W.2d 600 (Tex. App. 1986) ................................................................................17

*Beaumont Bank, N.A. v. Buller,*
806 S.W.2d 223 (Tex. 1991) ........................................................................................11

*Boyd v. Boyd,*
131 S.W.3d 605 (Tex. App. 2004) .......................................................................... 14, 15

*Cameron v. Cameron,*
641 S.W.2d 210 (Tex. 1982) ........................................................................................13

*Crawford v. Hope,*
898 S.W.2d 937 (Tex. App. 1995) ............................................................................... 12

*Ditraglia v. Romano,*
33 S.W.3d 886 (Tex. App. 2000) ..................................................................................11

*Eggemeyer v. Eggemeyer,*
554 S.W.2d 137 (Tex. 1977) ................................................................................... 13, 17

*Gardner v. Gardner,*
229 S.W.3d 747 (Tex. App. 2007) ........................................................................... 11, 12

*Giesler v. Giesler,*
No. 03-08-00734-CV, 2010 WL 2330362 (Tex. App. June 10, 2010) .................13

*Love v. Bailey-Love,*
217 S.W.3d 33 (Tex. App. 2006) .................................................................................. 14

*McElwee v. McElwee,*
911 S.W.2d 182 (Tex. App. 1995) ............................................................................... 14

*McKinley v. McKinley,*
496 S.W.2d 540 (Tex. 1973) ........................................................................................ 14

*Moroch v. Collins,*
174 S.W.3d 849 (Tex. App. 2005) .......................................................................... 14, 15

*Pletcher v. Goetz,*
9 S.W.3d 442 (Tex. App. 1999) ............................................................................. 11, 12

*Santillan v. Campos,*
No. 04-08-00904-CV, 2009 WL 3464867 (Tex. App. Oct. 28, 2009) ............... 12

*Sharma v. Routh,*
302 S.W.3d 355 (Tex. App. 2009) ...............................................................................13

*Sheshtawy v. Sheshtawy,*
150 S.W.3d 772 (Tex. App. 2004) ...............................................................................17

*Simmons v. Simmons,*
     No. 03-02-00517-CV, 2003 WL 21554302 (Tex. App. July 11, 2003)..................13
*Tate v. Tate,*
     55 S.W.3d 1 (Tex. App. 2000) ....................................................................................17
*Zeptner v. Zeptner,*
     111 S.W.3d 727 (Tex. App. 2003) ...........................................................................17

Statutes
Tex. Const. art. XVI, § 15 ...................................................................................... 14
Tex. Fam. Code Ann. § 3.001 (West) ..................................................................... 14
Tex. Fam. Code Ann. § 3.002 (West)....................................................................... 12
Tex. Fam. Code Ann. § 3.003(a) (West) ................................................................. 12
Tex. Fam. Code Ann. § 7.001 (West 2013)..............................................................11

## DESIGNATION OF REFERENCES

The Reporter's Record is contained in three volumes. References to the Reporter's Record are cited as (RR), V. (volume), p. (page) and 1. (line).

The Clerk's Record is contained in one volume. References to the Clerk's Record are cited as CR (page number).

Petitioner's Exhibit as Petitioner's Ex. (number).

Respondent's Exhibit as Respondent's Ex. (number).

Appendix references are cited as App. (p. number).

## STATEMENT OF THE CASE

This is an appeal from a decree of divorce dissolving the marriage of Robert Fletcher ("Bobby") and Christina Lynn Fletcher ("Christina"). Appellee Christina L. Fletcher filed her Original Petition for Divorce against Appellant Bobby Fletcher on February 6, 2014. (CR 6). There were no children of the marriage, and only property issues were to be decided. (CR 7).

On September 30, 2014, a bench trial was held before the Honorable Abe Lopez—sitting by assignment—in the 237th Judicial District of Lubbock County, Texas. (RR 1). A Final Decree of Divorce which divided the property of the parties was signed on April 6, 2015 by Judge Lopez. (CR 65).

Among other things, the decree awards Christina a 40.00 foot x 685.00 foot tract of land and building on the land. (RR 134).

Bobby filed a motion for new trial claiming Bobby's separate property was improperly converted to community property by the trial Court and awarded to should not have been awarded to petitioner. (CR 40). The motion for new trial was not ruled on by the trial court.

## ISSUES PRESENTED

The trial court's mischaracterization of property (and the divestiture of the husband's separate property) in this divorce action resulted in a division of the community estate in a manner that was not fair and just. Bobby purchased the lot awarded to Christina long before marrying her. The lot is Bobby's separate property. By awarding the lot to Christina, the trial court committed reversible error.

## STATEMENT OF FACTS

Christina and Bobby were married November, 2011. (RR 12). The divorce action was filed February 6, 2014 (RR 12). Bobby Fletcher owns two lots in Wolfforth, Texas. (RR 63). The "auction business" lot was purchased in 1988 and the "veterinary lot" was purchased in 1986. (RR 63-66). The trial court awarded the veterinary lot to Christina, and the auction business lot to Bobby.

## Summary of Argument

Upon divorce, marital property is to be divided in a manner that is just and right. The division of the marital estate should not be unjust, but just and right. Moreover, a trial court should not abuse the discretion to divide that property. Although a trial court is presumed to have properly exercised its discretion in dividing the community estate, this presumption is rebuttable.

The reporter's record in this case demonstrates the trial court made substantial, not minimal, errors involving the determination of separate property and the award of said property. The mischaracterization of property did not have merely a *de minimus* effect on the right and just division of the community property in this case and must be reversed.

## ARGUMENT AND AUTHORITIES

**Issue Restated: The trial court's mischaracterization of property (and the divestiture of the husband's separate property) in this divorce action resulted in a division of the community estate in a manner that was not fair and just.**

### A. *Standard of Review for Division of Marital Property*

A trial court is charged with the responsibility to divide the community estate in a "just and right" manner, considering the rights of both parties. Tex. Fam. Code Ann. § 7.001 (West 2013). It is the responsibility, of the party complaining of the trial court's division of property, to demonstrate from evidence in the record that the division was so unjust that the trial court abused its discretion. *Pletcher v. Goetz*, 9 S.W.3d 442, 446 (Tex. App. 1999)(op, on reh'g).

A trial court's division of marital property is reviewed under an abuse of discretion standard. *Gardner v. Gardner*, 229 S.W.3d 747, 751 (Tex. App. 2007). An abuse of discretion occurs if a trial court acts "without reference to guiding rules or principles (legal issues), or acts arbitrarily or unreasonably (factual issues)." *Id.*

### B. *Standard of Review for Division of Marital Property*

Under the abuse of discretion standard, legal factual sufficiency are relevant factors in assessing whether the trial court abused its discretion. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex. 1991). However, legal and factual sufficiency are not independent grounds of error. *Ditraglia v. Romano*, 33 S.W.3d

886, 889 (Tex. App. 2000); *Crawford v. Hope*, 898 S.W.2d 937, 940 (Tex. App. 1995), *writ denied* (Oct. 27, 1995), *writ denied* (Oct. 27, 1995).

Although legal and factual sufficiency of the evidence does not constitute independent grounds of error, they are relevant factors to consider in determining whether the trial court abused its discretion. *Gardner*, 229 S.W.3d at 751. "Consequently, if the division of marital property lacks sufficient evidence in the record to support it, then the trial court's division is an abuse of discretion." *Santillan v. Campos*, No. 04-08-00904-CV, 2009 WL 3464867, at \*2 (Tex. App. Oct. 28, 2009) (mem. op.).

There is a presumption the trial court exercised its discretion properly and the trial court's division should not be disturbed unless the record demonstrates "that the division was clearly the result of an abuse of discretion."*Pletcher*, 9 S.W.3d at 446.

## C. *Community Property Presumption and "Clear and Convincing Evidence."*

When a trial court considers a claim that marital property might be the separate property of either spouse, the property possessed by either spouse during or on dissolution of marriage is presumed to be community property. Tex. Fam. Code Ann. § 3.003(a) (West). Community property is property other than separate property, acquired by either spouse during marriage. Tex. Fam. Code Ann. § 3.002

12

(West).

For purposes of this case, Bobby's separate property consists of (1) the property, owned or claimed by the spouse before marriage, and (2) the property, acquired by the spouse during the marriage by gift, devise, or descent. § 3.001 Tex. Faro. Code Ann. (West 2013). More specifically, the auction lot and the veterinary lot.

If the trial court awards some of one spouse's separate property to the other spouse, "then the trial court abuses its discretion and reversibly errs." *Sharma v. Routh*, 302 S.W.3d 355, 360 (Tex. App. 2009); see *Cameron v. Cameron*, 641 S.W.2d 210, 213 (Tex. 1982); *Giesler v. Giesler*, No. 03-08-00734-CV, 2010 WL 2330362, at *6 (Tex. App. June 10, 2010); *Simmons v. Simmons*, No. 03-02-00517-CV, 2003 WL 21554302, at *3 (Tex. App. July 11, 2003) ("Although trial courts enjoy broad discretion in dividing community property in a divorce action, the court abuses its discretion if it divests one spouse of separate property and awards it to the other spouse.").

**D. *The trial court mischaracterized Bobby's separate property as community property and improperly awarded it to Christina.***

As stated herein above, the Court cannot, on divorce, divest a party of his separate property. *Cameron*, 641 S.W.2d at 213; *Eggemeyer v. Eggemeyer*, 554

13

S.W.2d 137, 140-42 (Tex. 1977).

Separate property is defined as property acquired before marriage or certain other kinds of property (i.e., gift, inheritance, personal injury award) acquired during marriage. Tex. Const. art. XVI, § 15; Tex. Fam. Code Ann. § 3.001 (West); *Love v. Bailey-Love*, 217 S.W.3d 33, 35 (Tex. App. 2006).

A spouse claiming assets as separate property is required to establish its separate character by clear and convincing evidence. *McElwee v. McElwee*, 911 S.W.2d 182, 188 (Tex. App. 1995), *writ denied* (Apr. 12, 1996), *writ denied* (Apr. 12, 1996).

The characterization of property as either community or separate is determined by the inception of title to the property, i.e., when a party first has a right of claim to the property by virtue of which title is finally vested. *Moroch v. Collins*, 174 S.W.3d 849, 857 (Tex. App. 2005); *Boyd v. Boyd*, 131 S.W.3d 605, 611 (Tex. App. 2004).

To overcome the community presumption, the spouse claiming certain property as separate has the burden to trace and clearly identify the property claimed to be separate. *McKinley v. McKinley*, 496 S.W.2d 540, 543 (Tex. 1973).

Tracing involves establishing the separate origin of the property through evidence showing the time and means by which the spouse originally obtained

possession of the property. *Moroch*, 174 S.W.3d at 857; *Boyd*, 131 S.W.3d at 611.

Moreover, a party claiming separate property must support the claim with documentary evidence—mere testimony alone that real property is separate is generally insufficient to overcome the community presumption. *Boyd*, 131 S.W.3d at 612.

Because Bobby claimed the veterinary lot as separate property, he had the burden at trial of establishing by clear and convincing evidence the origin of the lot. Bobby was required to show when and how he originally obtained the veterinary lot. *Moroch*, 174 S.W.3d at 856; *Boyd*, 131 S.W.3d at 612.

Bobby traced his separate property claim for the veterinary lot. (RR 63-66) & (Resp. Ex. 2). During his testimony, Bobby testified he purchased the veterinary lot in 1986.

> Q. Now, when she moved up here and moved in with you after you guys got married, you decided to transfer the vet clinic area up here?
>
> A. Well, actually, before we married. She wasn't going to come up here until she had a vet clinic to operate out of, so I actually remodeled that and – but I never did transfer title, no.
> (RR 66)
> Q. And that is a lot you have had since 1988. And then in terms of the lot on the left, you are also asking that you keep that?
>
> A. Yes, sir.
>
> Q. And the lot you had prior to the marriage?

A. Yes, sir.

Q. And we have heard testimony that a lot of the fixtures in there are also tied to the note but not all of them?

A. That is correct.
(RR 67).

Moreover, Bobby presented the trial court with Respondent's Exhibit No. 2 which is the deed to the veterinary lot, conveyed to Bobby in 1986.

Moreover, the "improvements" made to the lot were prior to the marriage (including the building which existed prior to the marriage in 2011). Bobby moved Christina into the building in 2011 so she could "run her business." However, as noted in the record, Bobby never gifted, comingled or otherwise transferred any part of the property to Christina.

Q. Did Christina ever send cash up to you for help on the remodeling of the house or anything?

A. No, sir.
(RR 77).

Although Christina testified about "improvements" or "moving to Wolfforth to start a new practice" she did not present any documentary evidence to establish the lot was converted to community property.

When a reviewing court is asked to review an alleged characterization error,

16

the court must determine not only whether the trial court′s finding of separate property is supported by clear and convincing evidence, but also whether the characterization error, if established, caused the trial court to abuse its discretion. *Allen v. Allen*, 704 S.W.2d 600, 603 (Tex. App. 1986).

If property is mischaracterized and the mischaracterization is of such magnitude that it affects the just and right division of the community estate, the case must be remanded to the trial court for a just and right division based upon the correct characterization of the property. *Zeptner v. Zeptner*, 111 S.W.3d 727, 740 (Tex. App. 2003).

If a party can establish that property is his or her separate property, "it is unnecessary to show harm because divestiture of separate property is reversible error" without the necessity of showing "that the overall property division constitutes an abuse of discretion." *Tate v. Tate*, 55 S.W.3d 1, 6-7 (Tex. App. 2000).

Divesting Bobby of his separate property is reversible per se. See *Sheshtawy v. Sheshtawy*, 150 S.W.3d 772, 779-80 (Tex. App. 2004) (citing, inter alia, *Eggemeyer*, 554 S.W.2d at 140) (holding that if a trial court mischaracterizes separate property as community property, "the error requires reversal because the subsequent division divests a spouse of his or her separate property.").

17

**E.** *Conclusion*

Based on the foregoing, the trial court clearly abused its discretion in characterizing the veterinary lot as community property and awarding a disproportionate division of the estates of the parties.

The record before this court contains the evidence necessary to support the conclusion that the trial court abused its discretion in dividing and classifying Bobby Fletcher's marital estate.

This Court should reverse the judgment of the trial court and remand this case to the trial court for purposes of truly achieving a just and right division of the estate of Bobby and Christina Fletcher as of the date they were divorced

## Prayer

For these reasons, Appellant Bobby Fletcher asks this Court to reverse the portion of the decree that awards Appellee Christina Fletcher the "veterinary lot," remand to the trial court for a just and right division in accordance with the guidelines set forth by this Court and grant Appellant all other relief for which he is entitled.

Respectfully,


*/s/ Charles Blevins*
Charles Blevins
Attorney for Appellant
Chappell, Lanehart & Stangl, P.C.
1217 Avenue K
Lubbock, TX 79401-4025
(806) 765-7370 phone
(806) 765-8150 fax
charles@attorneyinlubbock.com
State Bar No. 24077261

## Certificate of Compliance

I certify that the foregoing document contains 3,137 words, according to the word count of the computer program used to prepare it, in compliance with Rule 9.4(i)(2).

*/s/ Charles Blevins*
Charles Blevins
Attorney for Appellant
Chappell, Lanehart & Stangl, P.C.
1217 Avenue K
Lubbock, TX 79401-4025
(806) 765-7370 phone
(806) 765-8150 fax
charles@attorneyinlubbock.com
State Bar No. 24077261

CERTIFICATE OF SERVICE

I certify a true copy of this *Appellant's Brief* was served in accordance with

Rule 9.5 of Texas Rules of Appellate Procedure, on each party or that party's lead

counsel as follows:


Party:                          Christina Lynn Fletcher
Lead attorney:                  Deborah Smith McClure


Address of service:             P.O. Box 15125
                                Amarillo, TX 79105-512


Email:                          deborahm@huffaker-law.com


Method of service:              Electronic service
Date of service:                November 9, 2015

*/s/ Charles Blevins*
Charles Blevins
Attorney for Appellant
Chappell, Lanehart & Stangl, P.C.
1217 Avenue K
Lubbock, TX 79401-4025
(806) 765-7370 phone
(806) 765-8150 fax
charles@attorneyinlubbock.com
State Bar No. 24077261

APPENDICES

NO. 2014-510,128                                                  DL

| | | |
|---|---|---|
| IN THE MATTER OF | § | IN THE 237TH DISTRICT COURT |
| THE MARRIAGE OF | § | |
| | § | |
| CHRISTINA LYNN FLETCHER | § | OF |
| AND | § | |
| ROBERT HUGH FLETCHER | § | LUBBOCK COUNTY, TEXAS |

## FINAL DECREE OF DIVORCE

On September 30, 2014, this case came on for hearing.

Appearances

Petitioner, CHRISTINA LYNN FLETCHER, appeared in person and through attorney of record, CHARLES S. CHAMBERS.

Respondent, ROBERT HUGH FLETCHER, appeared in person and through attorney of record, ROBERT SULLIVAN, and announced ready for trial.

Record

The record of testimony was duly reported by the Official Court Reporter for the 237th District Court.

Jurisdiction and Domicile

The Court finds that the pleadings of Petitioner are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction over this cause of action and the parties and that at least 60 days have elapsed since the date the suit was filed. The Court finds Petitioner has been a domiciliary of this state for at least a six-month period preceding the filing of this action and a resident of the county in which this suit is filed for at least a 90-day period preceding the filing of this action. All persons

1

58

entitled to citation were properly cited.

Jury

A jury was waived, and all questions of fact and of law were submitted to the Court.

Divorce

IT IS ORDERED AND DECREED that CHRISTINA LYNN FLETCHER, Petitioner, and ROBERT HUGH FLETCHER, Respondent, are divorced and that the marriage between them is dissolved on the ground of insupportability.

Children of the Marriage

The Court finds that there is no child of the marriage and that none is expected.

Division of Marital Estate

The Court finds that the following is a just and right division of the parties' marital estate, having due regard for the rights of each party and the children of the marriage.

IT IS ORDERED AND DECREED that the estate of the parties is divided as follows:

Petitioner is awarded the following as Petitioner's sole and separate property, and Respondent is divested of all right, title, interest, and claim in and to such property:

1. The real property in Lubbock County, Texas, further described on Exhibit "B" and attached hereto and incorporated herein as if set forth verbatim, together with all debt thereon as of March 1, 2015, to wit:

2. All household furniture, furnishings, fixtures, goods, appliances, and equipment in the possession of or subject to the sole control of Petitioner.

The following furniture, furnishings, fixtures, goods, appliances, and equipment:

3. All clothing, jewelry, and other personal effects in the possession of or subject to the sole control of Petitioner.

2

59

4. Any and all sums of cash in the possession of or subject to the sole control of Petitioner, including money on account in banks, savings institutions, or other financial institutions, which accounts stand in Petitioner's sole name or from which Petitioner has the sole right to withdraw funds or which are subject to Petitioner's sole control.

5. Any and all sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, pension plan, employee stock option plan, employee savings plan, accrued unpaid bonuses, or other benefit program existing by reason of Petitioner's past, present, or future employment.

6. Any and all policies of life insurance insuring the life of Petitioner.

7. Any and all stocks, bonds, and securities registered in the name of Petitioner, together with all dividends, splits, and other rights and privileges in connection therewith.

8. The 2012 Chevrolet Silverado Pickup, VIN No. 3GCPCTE06CG234837 together with all insurance, keys and title documents.

9. The business known as Animal Medical Center of Wolfforth , including but not limited to all furniture, fixtures, machinery, equipment, inventory, cash, accounts, goods, and supplies; all personal property used in connection with the operation of such business; and any and all rights and privileges, past, present, or future, arising out of or in connection with the operation of such business, together with all indebtedness thereon.

10. The following livestock with all transfer and registration documents;

The mare known as Maggie and her foal;
The mare known as Biddy;
The gelding known as Rooster;
The gelding known as Apache;
The mare known as Cherokee.

11. The following livestock trailers together with all prepaid insurance, keys, and

title documents:

The 2008 S&H livestock trailer VIN No. 140HG132591092140

3

A white bumper pull 3 horse slant load trailer in the possession of Respondent, VIN Number unknown. Respondent is immediately ordered to return same to Petitioner.

The white gooseneck trailer in Petitioner's possession, VIN Number

12. All personal property, other than that specifically awarded to Respondent located at Petititoner's current residence and in the possession of Petitioner.

13. The Smarty roping dummy.

14. The business known as Animal Medical Center of Wolfforth, together with all inventory, equipment, furniture, fixtures and accounts receivable, together with all debt thereon as of March 1, 2015..

Respondent is awarded the following as Respondent's sole and separate property, and Petitioner is hereby divested of all right, title, interest, and claim in and to such property:

1. The following real property, including but not limited to any escrow funds, prepaid insurance, utility deposits, keys, house plans, warranties and service contracts, and title and closing documents:

   The real property in Lubbock County Texas, further described on Exhibit "C" attached hereto and incorporated herein as if set forth verbatim;

   The real property described as Lot Five Hundred Forty Six (546) Farrar Estates Addition to the City of Lubbock, Lubbock County, Texas, according to the Map, Plat or Dedication Deed thereof recorded in Volume 1417, Page 480 of the Deed Records of Lubbock County, Texas., together with all indebtedness thereon.

2. All household furniture, furnishings, fixtures, goods, appliances, and equipment in the possession of or subject to the sole control of Petitioner.

3. All clothing, jewelry, and other personal effects in the possession of or subject to the sole control of Petitioner.

4. Any clothing, jewelry, and other personal effects belonging to Respondent which remain in the possession of Petitioner.

5. Any and all sums of cash in the possession of or subject to the sole control of Petitioner, including money on account in banks, savings institutions, or other financial institutions, which accounts stand in Petitioner's sole name or from which Petitioner.

4

61

6. Any and all sums, whether matured or unmatured, accrued or unaccrued, vested or otherwise, together with all increases thereof, the proceeds therefrom, and any other rights related to any profit-sharing plan, retirement plan, pension plan, employee stock option plan, employee savings plan, accrued unpaid bonuses, or other benefit program existing by reason of Petitioner's past, present, or future employment.

7. Any and all policies of life insurance insuring the life of Respondent.

8. Any and all stocks, bonds, and securities registered in the name of Petitioner, together with all dividends, splits, and other rights and privileges in connection therewith.

9. The 2013 Chevrolet Pickup,VIN No. 3GCPKSE73DG34134,together with all prepaid insurance, keys and title documents, together with all indebtedness thereon.

10. The business known as Bobby Fletcher Auctioneers, including but not limited to all furniture, fixtures, machinery, equipment, inventory, cash, accounts, goods, and supplies; all personal property used in connection with the operation of such business; and any and all rights and privileges, past, present or future, arising out of or in connection with the operation of such business, together with all indebtedness thereon.

11. The ATV/4 Wheeler in Respondent's possession.

12. The following livestock together with all transfer and registration papers:

The gelding known as Platinum;
The gelding known as Chubby;
The gelding known as Gallo.

13. The following livestock trailers, together with all prepaid insurance, keys and title documents:

The red bumper bull 2 horse trailer in Respondent's Possession, VIN Number

The gooseneck trailer in Respondent's possession, VIN Number                    .

14. Any and all personal property, other than that specifically awarded to Petitioner, located at the current residence of Respondent and in the possession of Respondent.

IT IS ORDERED AND DECREED that Petitioner shall pay, as a part of the division of the estate of the parties, the following debts and obligations and shall indemnify and hold

5

Respondent and Respondent's property harmless from any failure to so discharge these debts and obligations:

1. The balance due, including principal, interest, tax, and insurance escrows, on that certain promissory note executed by Robert Hugh Fletcher , in the original principal sum of $ 200,000 .00 , dated , payable to People's Bank , and secured by deed of trust on the real property herein awarded to Petitioner and recorded at Volume , Page , Deed of Trust Records of Lubbock County, Texas, and shall refinance the debt solely in her name, on or before thirty (30) days following the execution hereof.

2. The balance due, including principal, interest, and all other charges, on any promissory notes payable to , and given as part of the purchase price of and secured by a lien on the motor vehicle awarded to Petitioner.

3. The following debts, charges, liabilities, and obligations:

4. Any and all debts, charges, liabilities, and other obligations incurred solely by Petitioner, from and after January 25, 2014 unless express provision is made in this decree to the contrary.

5. All encumbrances, ad valorem taxes, liens, assessments, or other charges due or to become due on the real and personal property awarded to Petitioner in this decree unless express provision is made herein to the contrary.

IT IS ORDERED AND DECREED that Respondent shall pay, as a part of the division of the estate of the parties, the following debts and obligations and shall indemnify and hold Petitioner and Petitioner's property harmless from any failure to so discharge these debts and obligations:

1. All debt incurred solely in the name of Respondent, other than that specifically awarded to Petitioner.

Property To Be Sold

It is order that the attorneys for the parties confer and agree to a neutral, third party real estate broker or agent to list and sell the property described on Exhibit "A" hereto, with the proceeds of the property, less closing costs of any nature, to be split equally between Petitioner and Respondent upon sale of the property set forth on Exhibit "A".

Notice

IT IS ORDERED AND DECREED that each party shall send to the other party, within three

6

63

days of its receipt, a copy of any correspondence from a creditor or taxing authority concerning any potential liability of the other party.

## Attorney's Fees

To effect an equitable division of the estate of the parties and as a part of the division, and for services rendered in connection with conservatorship and support of the children, each party shall be responsible for his or her own attorney's fees incurred as a result of legal representation in this case.

## Performance of Decree

IT IS ORDERED that each of the parties shall execute and deliver to the other, within ten days upon request, all deeds, payments of money, certificates of title, assignments, change of beneficiary on insurance policies, powers of attorney or other things or documents necessary to fully effectuate this Decree.

This decree shall serve as a muniment of title to transfer ownership of all property awarded to any party in this final decree of divorce.

## Court Costs

Costs of court are to be borne by the party by whom costs were incurred.

## Clarifying Orders

Without affecting the finality of this Decree of Divorce, this Court expressly reserves the right to make orders necessary to clarify and enforce this decree.

## Restraining Order

It is ordered that neither party shall disturb or molest the peace of the other party in any manner, including but not limited to deliberate following, entering onto each others property without express

7

64

invitation, terminating any utility service in the name of any party, looking through windows and doors of property belonging to each party and making disparaging remarks about either party to a party or any third party.

Change of Name

It is ordered that Petitioners previous surname of COKER is hereby restored.

Relief Not Granted

IT IS ORDERED AND DECREED that all relief requested in this cause and not expressly granted is denied.

Date of Judgment

SIGNED on the 6th day of _April_____, 2015.

_Roe Lupe by assignment_
JUDGE PRESIDING

APPROVED AS TO FORM ONLY:

CHARLES S. CHAMBERS
ATTORNEY FOR PETITIONER

8

65

## EXHIBIT A

SURFACE ESTATE ONLY of a part of the West Half (W/2) of Section 104, Block T, D & W Ry. Co. Survey in Terry County, Texas, described by metes and bounds as follows, to-wit:

BEGINNING at a point, a spike, set for the Northeast corner of the West half of Section 104, for the Northeast and beginning corner of this tract;

THENCE South 0°19' East along the East line of said West half, a distance of 1221.6 feet to a rod set for the Southeast corner of this tract;

THENCE South 88°18'30" West a distance of 612.76 feet to a rod set for the Southeast corner of Gebo Tract described in Volume 383, Page 5, Deed Records, Terry County, Texas, and for the most Easterly and most Southerly Southwest corner of this tract;

THENCE North 0°19' West a distance of 743.63 feet to rod set for a corner of this tract, the Northeast corner of said Gebo Tract;

THENCE South 89°33'30" West a distance of 355.15 feet to rod set in the East right-of-way line of U.S. Highway 62, the Northwest corner of the Gebo Tract, the most Westerly and most Northerly Southwest corner of this tract;

THENCE North 22°55' East along the East Right-of-Way line of U.S. Highway No. 62, a distance of 543.8 feet to a spike in the North line of Section 104, for the Northwest corner of this tract;

THENCE South 89°47' East a distance of 750 feet to the Place of Beginning, containing 19.90 acres, more or less,

SAVE AND EXCEPT a 5.0 acre tract described by deed dated August 13, 1997, recorded in Volume 613, Page 662, Official Public Records, Terry County, Texas, as further described by metes and bounds as follows, to-wit:

BEGINNING at a ½ inch steel rod set in the North line of Section 104, that bears North 89°47' West 3042.27 feet from a ½ inch pipe found at the Northeast corner of Section 104, Block T;

THENCE South 00°19' East, at 20 feet pass the South line of a paved county road, continuing a distance of 498.88 feet for the Southeast corner of this tract;

THENCE South 89°33'30" West 543.83 feet to a ½ inch steel rod found for the Northwest corner of a 2.62 acre tract and the Southwest corner of this tract;

THENCE North 22°55' East, along the Southeast right-of-way of U.S. Highway 62, 543.80 feet to a found spike in the North line of Section 104, for the Northwest corner of this tract and the Northwest corner of a 19.90 acre tract described in Volume 393, Page 825 of the Terry County Deed Records;

THENCE South 89°47' East, along the North line of Section 104, 329.31 feet to the Place of Beginning.

Exhibit A

66

A tract of land out of Section 31, Block D-6, Lubbock
County, Texas and being more particularly described
as follows:

BEGINNING at a 3/8" iron rod, set for the Northeast
and beginning corner of this tract, whence the
Northwest corner of the Northeast 1/4 of Section 31,
bears North 87°51'00" East, 500.32 feet and North
1916.95 feet;

THENCE South, 300.00 feet to a 1/2" iron rod, set for the
Southeast corner of this tract;

THENCE South 87°51'00" West, 100.10 feet to a 1/2"
iron rod , set for the Southwest corner of this tract;

THENCE North, 300.00 feet to a 1/2" rod,set for
the Northwest corner of this tract;

THENCE North 87°51'00" East, 100.10 feet to the point
of the beginning.

CONTAINING 0.69 acres.

Exhibit B

FIELD NOTES of a 40.00 foot X 685.00 foot tract of land, more or less, located in the Northwest Quarter (NW/4) of Section Twenty-Three (23), Block CB, Lubbock County, Texas, and being further described as follows:

BEGINNING at a 1/2" iron rod set in the West line of said Section 23, North 00°07'15" West, a distance of 1488.98 feet from a 3/4" iron pipe found for the Southwest corner of said Northwest Quarter (NW/4);

THENCE North 89°51'33" East, at 30.00 feet pass a 1/2" iron rod set for the East line of County Road 1000, in all, a total distance of 685.00 feet to a 1/2" iron rod set for a corner of this tract;

THENCE South 00°07'15" East, a distance of 40.00 feet to a 1/2" iron rod set for a corner of this tract;

THENCE South 89°51'33" West, at 660.00 feet pass a 1/2" iron rod set for the East line of County Road 1000, in all, a total distance of 685.00 feet to a 1/2" iron rod set in the West line of said Section 23 for a corner of the tract;

THENCE North 00°07'15" West, a distance of 40.00 feet to the Place of Beginning;

SUBJECT TO mineral and/or royalty reservations and restrictive covenants of record; and subject to easements and rights-of-way of record or visible on the ground.

Warranty Deed
Page 1

Exhibit C

68

MR. SULLIVAN: There is a lot, yes, sir.

THE COURT: And I would like to have your proposal in writing.

MR. SULLIVAN: I will certainly do that Your Honor, yes.

THE COURT: Let's meet back here at one o'clock. It is about 12:15. Forty-five minutes ought to be sufficient time for you to draft that and get it back to me.

MR. SULLIVAN: Absolutely. I can do it right now, if you want, Your Honor.

THE COURT: Just write it out then.

MR. SULLIVAN: Yeah, absolutely. My office is across town.

THE COURT: So let's take about a 20 minute recess. Is that sufficient time, 25 minutes?

MR. SULLIVAN: Absolutely, Your Honor. I will have this done in about five.

(Recess.)

THE COURT: Rather than trying to find it in the petition, Mr. Chambers, what is that name ---

MR. CHAMBERS: It will be Christina Coker, C-O-K-E-R, Odom, O-D-O-M.

THE COURT: O-D-O-M. All right. Ms. Fletcher, I will grant you the name change. It is

hereby ordered to be changed to Coker Odom, okay.

With respect to division of the property as testified to, Items One through Five, which I previously misread, Mr. Chambers proposed disposition of issues, those items, the pickups to each other, the horses, to the personal items in each other's possession, to the -- with the exception that Ms. Fletcher -- or Ms. Odom now is ordered to return to Mr. Fletcher Mr. Fletcher's dad's saddle, his saddle,

Ms. Fletcher -- Ms. Odom gets to keep the saddle that Mr. Fletcher gave her. She is ordered to return his Rolex watch.

MR. CHAMBERS: Masonic ring?

THE COURT: There was something else. Well, what other personal items he may have in the house?

MR. SULLIVAN: It was a ring, Your Honor.

THE COURT: I'm sorry?

MR. SULLIVAN: A ring, Your Honor.

THE COURT: With respect to Exhibit Number Nine, not having any evidence to the contrary to rebut the same, I find that that property belongs to Mr. Fletcher's daughters. And if he has any interest in it, he is hereby deprived of it totally.

With respect to the Terry County property,

it is hereby ordered sold and the proceeds divided between the two parties. I am ordering the attorneys to agree on an independent broker or other agent knowledgeable about this type of real estate so he or she can acquire the best selling price.

Mr. Fletcher is awarded the Elmwood property, along with its debt. Ms. Odom is awarded the Woodrow house and its debt. Mr. Fletcher is awarded the 2004, as I recall the evidence, gooseneck horse trailer, along with a red horse trailer. Ms. Odom will have the -- she will be awarded the remaining horse trailers. There was some confusion as to whether there were actually four or five of those trailers, but the remainder of the trailers will go to her.

Ms. Odom will get the Smarty roping dummy, Mr. Fletcher will get the 4 Wheeler. Mr. Fletcher is awarded the 200 by 300 lot in Wolfforth, along with whatever items are contained on the property and will maintain his auction business there along with any other items that are on the property. That goes to some horse pens or something like that. And Ms. Odom is awarded the other property along with the vet clinic and whatever items are contained on that lot.

I am not going to make any ruling on the $7,000 because I don't know -- I don't have sufficient

evidence to determine what that money was used for by whoever took it. If it was Ms. Odom, she may use it to pay for community debts. I don't know. So I will not make a ruling on that.

Have I left out anything?

MR. CHAMBERS: No, sir. Well, I don't see anything.

THE COURT: Who will I get to prepare the order, Counsel?

MR. CHAMBERS: I will prepare it, sir. I filed the petition.

(Proceedings concluded.)

REPORTER'S CERTIFICATE

THE STATE OF TEXAS    )
COUNTY OF LUBBOCK     )

I, Terri Ramsey, Official Court Reporter in and for the 237th District Court of Lubbock County, State of Texas, do hereby certify that the above and foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, admitted by the respective parties.

I further certify that the total cost for the preparation of this Reporter's Record is $_____ and was paid by _____.

WITNESS MY OFFICIAL HAND this the 7th day of November, 2014.

_____
Terri Ramsey, Texas CSR 5537
Date of Expiration:  12/31/15
Official Court Reporter
237th District Court
P.O. Box 10536
Lubbock, Texas   79408
(806) 775-1028

TERRI RAMSEY, CCR, RPR  806.775.1028

---

Vernon's Texas Statutes and Codes Annotated
 Family Code (Refs & Annos)
  Title 1. The Marriage Relationship (Refs & Annos)
   Subtitle C. Dissolution of Marriage
    Chapter 7. Award of Marital Property

V.T.C.A., Family Code § 7.001

§ 7.001. General Rule of Property Division

[Currentness]

In a decree of divorce or annulment, the court shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage.

**Credits**
Added by Acts 1997, 75th Leg., ch. 7, § 1, eff. April 17, 1997.

Notes of Decisions (2203)

V. T. C. A., Family Code § 7.001, TX FAMILY § 7.001
Current through the end of the 2015 Regular Session of the 84th Legislature

---

**End of Document**  © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
    Family Code (Refs & Annos)
        Title 1. The Marriage Relationship (Refs & Annos)
        Subtitle B. Property Rights and Liabilities
            Chapter 3. Marital Property Rights and Liabilities (Refs & Annos)
                Subchapter A. General Rules for Separate and Community Property (Refs & Annos)

V.T.C.A., Family Code § 3.001

§ 3.001. Separate Property

Currentness

A spouse's separate property consists of:

(1) the property owned or claimed by the spouse before marriage;

(2) the property acquired by the spouse during marriage by gift, devise, or descent; and

(3) the recovery for personal injuries sustained by the spouse during marriage, except any recovery for loss of earning capacity during marriage.

**Credits**

Added by Acts 1997, 75th Leg., ch. 7, § 1, eff. April 17, 1997.

Notes of Decisions (1520)

V. T. C. A., Family Code § 3.001, TX FAMILY § 3.001
Current through the end of the 2015 Regular Session of the 84th Legislature

---

**End of Document**

© 2015 Thomson Reuters. No claim to original U.S. Government Works.

---

Vernon's Texas Statutes and Codes Annotated
   Family Code (Refs & Annos)
      Title 1. The Marriage Relationship (Refs & Annos)
         Subtitle B. Property Rights and Liabilities
            Chapter 3. Marital Property Rights and Liabilities (Refs & Annos)
               Subchapter A. General Rules for Separate and Community Property (Refs & Annos)

V.T.C.A., Family Code § 3.002

§ 3.002. Community Property

Currentness

Community property consists of the property, other than separate property, acquired by either spouse during marriage.

**Credits**
Added by Acts 1997, 75th Leg., ch. 7, § 1, eff. April 17, 1997.

Notes of Decisions (85)

V. T. C. A., Family Code § 3.002, TX FAMILY § 3.002
Current through the end of the 2015 Regular Session of the 84th Legislature

**End of Document**                                   © 2015 Thomson Reuters. No claim to original U.S. Government Works.

Vernon's Texas Statutes and Codes Annotated
  Family Code (Refs & Annos)
    Title 1. The Marriage Relationship (Refs & Annos)
      Subtitle B. Property Rights and Liabilities
        Chapter 3. Marital Property Rights and Liabilities (Refs & Annos)
          Subchapter A. General Rules for Separate and Community Property (Refs & Annos)

V.T.C.A., Family Code § 3.003

§ 3.003. Presumption of Community Property

Currentness

(a) Property possessed by either spouse during or on dissolution of marriage is presumed to be community property.

(b) The degree of proof necessary to establish that property is separate property is clear and convincing evidence.

**Credits**
Added by Acts 1997, 75th Leg., ch. 7, § 1, eff. April 17, 1997.

Notes of Decisions (532)

V. T. C. A., Family Code § 3.003, TX FAMILY § 3.003
Current through the end of the 2015 Regular Session of the 84th Legislature

**End of Document**  © 2015 Thomson Reuters. No claim to original U.S. Government Works.